PEOPLE v. MARTIN

OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF GUILTY—WARNING OF RIGHTS.
   Failure to advise the defendant of his right to confront his accusers and his right against compulsory self-incrimination before accepting the defendant's plea of guilty was not violative of the defendant's constitutional rights where the trial court, at the taking of the plea, ascertained that the defendant's plea was freely, voluntarily, and understandingly made and that there was a substantial basis in fact for the plea and, at sentencing, again questioned the defendant concerning the voluntariness of the plea.

DISSENT BY BRONSON, J.

2. CRIMINAL LAW—PLEA OF GUILTY—WARNING OF RIGHTS.
   *Failure to advise the defendant of his constitutional right of confrontation against his accuser and of his constitutional right*

---

REFERENCE FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

*against self-incrimination before accepting his plea of guilty mandated the setting aside of the plea, because the silent record on these rights rendered the appellate court unable to determine whether the plea was voluntarily and understandingly made.*

3. CRIMINAL LAW—PLEA OF GUILTY—CONSTITUTIONAL RIGHTS—EXPRESS WAIVER.

*A plea of guilty must be set aside where the record of the plea examination does not show that the defendant expressly waived his privilege against self-incrimination, his right to confront his accuser, and his right to remain silent, because when the record is silent as to these rights an appellate court is unable to determine whether the defendant voluntarily and understandingly entered his plea of guilty.*

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 November 4, 1970, at Lansing. (Docket No. 9414.) Decided December 10, 1970.

Ronald Martin was convicted, on his plea of guilty, of breaking and entering a gas station with intent to commit a larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*William A. Shaheen, Jr.,* for defendant on appeal.

Before: BRONSON, P. J., and FITZGERALD and CHURCHILL,* JJ.

CHURCHILL, J. Defendant was charged with the offense of breaking and entering a gasoline service

---

* Circuit judge, sitting on the Court of Appeals by assignment.

station with intent to commit larceny.[1] At the scheduled arraignment on October 2, 1969, defendant appeared with counsel. The information was read. The trial judge informed defendant:

"If there is anything I tell you that you don't understand, will you please tell me and I will do a better job of trying to explain it to you."

The trial judge explained to defendant his right to a jury trial and his right to a non-jury trial. Defendant's attorney informed the court that defendant stood mute and a plea of not guilty was entered.

On January 20, 1970, defendant was back in court with his attorney. The court informed him that his case was second on the docket. Defendant then pled guilty. The court then, by appropriate questioning, ascertained that defendant's plea was freely, voluntarily, and understandingly made and that there was a substantial basis in fact for the plea. The plea was accepted. On February 19, 1970, at the time of sentencing, the court again questioned defendant carefully concerning the voluntariness of the plea.

It does not appear, however, that the court ever advised defendant of his constitutional right against compulsory self-incrimination or of his constitutional right to confront his accusers. These omissions are the principal basis of his claim of appeal.

The possible impact of *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 274) in such a situation was fully considered in *People* v. *Jaworski* (1970), 25 Mich App 540.

We agree with the majority in *Jaworski,* and we hold that the manner in which defendant's plea was accepted was not in violation of his Federal constitutional rights.

---

[1] MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305).

Chief Judge Lesinski in his *Jaworski* dissent points out that *Boykin* did not make the impact on the judiciary that *Escobedo*,[2] *Miranda*,[3] and *Gault*[4] did. Reference to *Escobedo* and *Miranda* is apt. In *Escobedo* and *Boykin* the court made specific rulings with respect to particular situations and, perhaps, laid foundations for things to come. In *Miranda* after two years of "spirited legal debate" concerning the meaning of *Escobedo,* the court spelled out a specific code with prospective operation. Had the majority of the court in *Boykin* intended to set forth a specific code of minimum requirements for the acceptance of pleas of guilty by state courts they could have, should have and, we believe, would have done so with care.

Defendant's other claim of error is without merit. When asked by the court to tell what he did to commit this crime, he said:

"Well, I was confused as to, you know I had gotten in an argument with my brother and I had been drinking."

He then went on to explain the crime in some detail and when asked by the court:

"So, the purpose of the breaking was with an intent to steal?"

he answered "Yes."

We affirm.

Fitzgerald, J., concurred.

Bronson, P. J., (*dissenting*). I am unable to agree with the decision reached by my colleagues. Failure to advise the defendant of his constitutional

---

[2] *Escobedo* v. *Illinois* (1964), 378 US 478 (84 S Ct 1758, 12 L Ed 2d 977).

[3] *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974).

[4] *In re Gault* (1967), 387 US 1 (87 S Ct 1428, 18 L Ed 2d 527).

right of confrontation against his accuser and his constitutional right against self-incrimination violates the standards established in *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274).

Contrary to the interpretation given to the *Boykin* decision by the majority opinion in the instant case, I am of the opinion that the Court in *Boykin* established specific minimum requirements for the acceptance of a valid guilty plea in state courts. The Court stated (395 US 238, 243):

"Several Federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination quaranteed by the Fifth Amendment and applicable to the states by reason of the Fourteenth. *Malloy* v. *Hogan* (1964), 378 US 1 (84 S Ct 1489, 12 L Ed 2d 653). Second, is the right to trial by jury. *Duncan* v. *Louisiana* (1968), 391 US 145 (88 S Ct 1444, 20 L Ed 2d 491). Third, is the right to confront one's accusers. *Pointer* v. *Texas* (1965), 380 US 400 (85 S Ct 1065, 13 L Ed 2d 923). We cannot presume a waiver of these three important Federal rights from a silent record."

If the Court did not intend that the defendant, when entering a plea of guilty, be required to expressly waive these constitutional rights, why did the Court choose to enumerate the specific rights as a basis for a valid waiver? I can conclude only that the Court in *Boykin* believed that an appellate court would be unable to determine whether the defendant voluntarily and understandingly entered his plea of guilty when the record is silent as to these enumerated rights. *People* v. *Jaworski* (1970), 25 Mich App 540 (Lesinski, C. J., *dissenting*); *People* v. *Sepulvado* (1970), 27 Mich App 66 (*Lesinski,* C. J., *dissenting*).

Since the record in the instant case is silent with respect to the defendant's right against self-incrimination and his right to confront his accuser, I am unable to determine whether the plea was entered voluntarily and understandingly. The plea should be set aside and the case remanded to the trial court for a new trial.