PEOPLE v. BREWER

1. CRIMINAL LAW—PLEA OF GUILTY—WAIVER OF RIGHTS—RIGHT
AGAINST SELF-INCRIMINATION—COURT'S DUTY.

Failure to inform a defendant that he waives his right against
self-incrimination by entering a plea of guilty is not revers-
ible error because there is no requirement compelling the
court to inform the defendant that he is waiving certain
constitutional rights; the only requirement prescribed by stat-
ute, court rule, or case law is that the guilty plea be volun-
tarily and intelligently made.

2. CRIMINAL LAW—PLEA OF GUILTY—SUFFICIENT FACTS.

Sufficient facts were elicited from the guilty-pleading defendant
to establish his commission of an attempted breaking and
entering where defendant, while represented by counsel, admit-
ted breaking into the building, denied his plea of guilty was
coerced, asserted that his plea was voluntary, and was advised
of the consequences of his plea.

Appeal from Oakland, Robert L. Templin, J.
Submitted Division 1 January 8, 1971, at Detroit.
(Docket No. 9517.)   Decided February 25, 1971.

Paul David Brewer was convicted, on his plea of
guilty, of attempted breaking and entering. Defend-
ant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Thomas G. Plunkett,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 359.
[2] 21 Am Jur 2d, Criminal Law §§ 484–496.

Prosecuting Attorney, and *Frank R. Knox,* Assistant Prosecuting Attorney, for the people.

*John H. Waldeck,* for defendant on appeal.

Before: R. B. BURNS, P. J., and J. H. GILLIS and DANHOF, JJ.

PER CURIAM.   Defendant appeals from the trial court's acceptance of his guilty plea to attempted breaking and entering.   MCLA § 750.92 (Stat Ann 1962 Rev § 28.287).

The defendant gives two reasons why his guilty plea was erroneously accepted.   First, he alleges that the trial court failed to inform him that he was waiving his constitutional right against self-incrimination.   Secondly, he contends that the court failed to elicit sufficient facts from him to establish that the specific criminal acts charged had been committed by the defendant.

Defendant's reasons are not meritorious.   There is no requirement compelling the trial judge to inform defendant that he is waiving certain constitutional rights.   *People* v. *Jaworski* (1970), 25 Mich App 540.   Basically, the only requirement prescribed by statute (MCLA § 768.35 [Stat Ann 1954 Rev § 28.1058]), court rule (GCR 1963, 785.3), and by long-established case authority (*Kercheval* v. *United States* [1927], 274 US 220 [47 S Ct 582, 71 L Ed 1009]; *Chambers* v. *Florida* [1940], 309 US 227 [60 S Ct 472, 84 L Ed 716]) is that the guilty plea be voluntarily and intelligently made by the defendant.   *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274).   See also *Brady* v. *United States* (1970), 397 US 742 (90 S Ct 1463, 25 L Ed 2d 747).

Upon examination of the record we discover the following. Defendant had benefit of competent counsel, admitted breaking into the building, denied that the plea was coerced in any way, was apprised of the consequences of his plea, and asserted that his plea was voluntarily made. The court did not err in accepting the unfettered choice of the defendant to plead guilty.

Affirmed.