PEOPLE v. SHARP

OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF GUILTY—CONSTITUTIONAL RIGHTS—WAIVER.

A trial court when accepting a plea of guilty need not obtain explicit and express waivers of each constitutional right of the defendant; a defendant waives his constitutional rights by a guilty plea and it is because of this waiver that the record must show that the defendant voluntarily entered his plea.

2. CRIMINAL LAW—PLEA OF GUILTY—CONSTITUTIONAL RIGHTS—WAIVER.

Failure to inform a guilty-pleading defendant of his privilege against compulsory self-incrimination was not fatal to the acceptance of the plea where the record showed that the defendant voluntarily and understandingly pleaded guilty.

DISSENT BY BRONSON, J.

3. CRIMINAL LAW—PLEA OF GUILTY—CONSTITUTIONAL RIGHTS—WAIVER.

*Failure to inform a guilty-pleading defendant of his privilege against self-incrimination before accepting the defendant's plea requires that the plea be set aside and the case be remanded for trial.*

Appeal from Oakland, Robert L. Templin, J. Submitted Division 2 March 2, 1971, at Grand Rapids. (Docket No. 9932.) Decided March 26, 1971. Leave to appeal denied, 385 Mich 756.

REFERENCE FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law §§ 484–489, 495.

Vernon A. Sharp was convicted, on his plea of guilty, of illegal possession of narcotics. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Frank R. Knox,* Assistant Prosecuting Attorney, for the people.

*Schnelz, Bulgarelli & Allen* (by *Gary J. Allen*), for defendant on appeal.

Before: FITZGERALD, P. J., and HOLBROOK and BRONSON, JJ.

FITZGERALD, P. J. On February 18, 1970, Vernon A. Sharp, defendant, was arrested and charged with sale of narcotics, a violation of MCLA § 335.152 (Stat Ann 1957 Rev § 18.1122). Subsequently, on March 13, 1970, while represented by counsel, defendant entered a plea of guilty to an added second count of possession of narcotics, a violation of MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123). On May 15, 1970, he was sentenced to serve nine to ten years in prison. Defendant now appeals of right from an order of the trial court denying his motion to withdraw the plea.

The only question raised on this appeal is whether the trial court complied with the requirements of taking a guilty plea, as set forth in *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274). Specifically, we are concerned with the trial court's failure to advise defendant of his privilege against compulsory self-incrimination.

The Michigan Supreme Court recently addressed itself to an interpretation of the *Boykin* requirements in *People* v. *Taylor* (1970), 383 Mich 338, 355, 356, which stated:

"The Court did not say, as some have suggested, that explicit and expressed waivers must be taken upon each of these constitutional rights before the plea can be accepted.

"The holding is more properly that these rights are waived by the act of entering the guilty plea, and it is for this reason that a record must be made upon the question of voluntariness."

The same reasoning and interpretation was also applied by this Court in *People* v. *Jaworski* (1970), 25 Mich App 540.

Therefore, in light of the above decisions as well as the record made in the taking of the present guilty plea, we conclude that defendant's plea was voluntarily and understandingly made. The failure of the trial court to mention the privilege against self-incrimination was not fatal.

Affirmed.

HOLBROOK, J., concurred.

BRONSON, J. (*dissenting*). For reasons stated in my dissenting opinion in *People* v. *Martin* (1970), 29 Mich App 295, I would set aside defendant's plea and remand the case for new trial.

I cannot accept the position taken in the majority opinion in the instant case that *People* v. *Taylor* (1970), 383 Mich 338, requires affirmance. The majority quotes from Justice T. E. BRENNAN's opinion in *Taylor*. Justice BRENNAN's opinion was signed by only one other justice. Two justices concurred in affirming the acceptance of Taylor's plea only because they held *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274), not to be retroactive. Three justices dissented in *Taylor*. As such, I do not consider the quoted portion of the *Taylor* opinion to be dispositive of the issue raised in the instant case.