PEOPLE *v.* McLEAN

1. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—ENUMERATION
   OF RIGHTS—WAIVER.

   A plea of guilty, to be voluntary and acceptable, need not be
   accompanied by a specific enumeration by the court and a
   waiver by defendant of all the several constitutional rights
   waived by a guilty plea; all that is required is that the trial
   judge make such inquiry as would lead a reasonable person to
   conclude that the defendant is pleading guilty freely, volun-
   tarily, and understandingly, in short, that defendant knows
   what he is doing, that he doesn't have to do what he is doing,
   but he wants to do it anyway.

2. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—ENUMERATION
   OF RIGHTS—WAIVER.

   A plea of guilty was properly accepted where the defendant said,
   in response to the trial judge's questions, that he knew he had a
   right to a trial by judge or jury which would determine his
   guilt, that he knew that he did not have to plead guilty, that he
   had not been promised any leniency, that he had not been threat-
   ened or coerced into making the plea, and that his plea was free
   and voluntary.

Appeal from Oakland, Philip Pratt, J.   Submitted
Division 2 March 3, 1971, at Lansing.   (Docket No.
8404.)   Decided April 27, 1971.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]   21 Am Jur 2d, Criminal Law § 484 *et seq.*
   Court's duty to advise or admonish accused as to consequences
   of plea of guilty, or to determine that he is advised thereof.
   97 ALR2d 549.

Darwin McLean was convicted, on his plea of guilty, of larceny in a building. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, *Dennis Donohue,* Chief Appellate Counsel, and *Frank R. Knox,* Assistant Prosecuting Attorney, for the people.

*Stanley W. Kurzman,* for defendant on appeal.

Before: R. B. Burns, P. J., and J. H. Gillis and T. M. Burns, JJ.

Per Curiam. Defendant Darwin McLean was convicted upon his plea of guilty of larceny in a building. MCLA § 750.360 (Stat Ann 1954 Rev § 28.592). He appeals as of right.

The sole issue on appeal is whether the failure of the trial court to advise defendant of his specific rights against compulsory self-incrimination and confrontation of adverse witnesses renders the plea of guilty involuntary and unacceptable. GCR 1963, 785.3(2); *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274).

Prior to acceptance of the plea, the trial court conducted the following examination of defendant:

"*Q.* Have you discussed the matter with your attorney?

"*A.* Yes.

"*Q.* And do you understand that you could have a trial either by a judge or by a jury in this case to determine your guilt or innocence and that you need not plead guilty?

"*A.* Yes.

"*Q.* Do you wish to have a trial?

"*A.* No.

*          *          *

"*Q.* Has anyone made any promises of leniency to you, told you that you would get a lighter sentence if you were to plead guilty rather than go to trial?

"*A.* No, sir.

"*Q.* Has anyone threatened, abused or mistreated you in any way in order to force you to plead guilty?

"*A.* No, sir.

"*Q.* Your plea then is freely and voluntarily made?

"*A.* Yes."

We find the trial court properly accepted the proffered guilty plea. The issue now before the Court is not a new one. Prior cases have dealt with whether the decision in *Boykin* v. *Alabama, supra,* requires specific enumeration and waiver of the several important constitutional rights involved in guilty plea cases. *People* v. *Jaworski* (1970), 25 Mich App 540; *People* v. *Sepulvado* (1970), 27 Mich App 66; *People* v. *Martin* (1970), 29 Mich App 295.[1]

We agree with the majority opinions in *Jaworski, Sepulvado,* and *Martin. Boykin* v. *Alabama, supra,* does not set forth a specific code of item-by-item advices as a minimum requirement for the acceptance of a guilty plea. All that is required is that the trial judge "make such inquiry as would lead a reasonable person to conclude that the defendant pleads guilty freely, voluntarily, and understandingly—in short, that defendant knows what he is doing, that he doesn't have to do what he is doing, but he wants to do it anyway". *People* v. *Ferguson* (1970), 383 Mich 645, 653. That was done in this case; we find no error.

Affirmed.

---

[1] The decisions of this Court have not been unanimous. The decisions of the Michigan Supreme Court have not commanded a majority on this issue. See *People* v. *Taylor* (1970), 383 Mich 338; *People* v. *Ferguson* (1970), 383 Mich 645.