PEOPLE v. FISHER

1. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—WAIVER OF CONSTITUTIONAL RIGHTS.

   The test for determining whether a plea of guilty is properly accepted is whether the plea was voluntarily and understandingly entered; there need not be a specific waiver on the record of the privilege against compulsory self-incrimination, the right to a jury trial, and the right of confrontation.

2. CRIMINAL LAW—PLEA OF GUILTY—APPEAL AND ERROR—VOLUNTARINESS—PROMISES OF LENIENCY.

   Allegations that a plea of guilty was involuntarily given because of promises of leniency must first be made in the trial court; the Court of Appeals will not hear such allegations for the first time.

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 3 May 4, 1971, at Grand Rapids. (Docket No. 10851.)   Decided May 20, 1971.

Havit Fisher, Jr., was convicted, on his plea of guilty, of assault with intent to commit robbery being armed.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 485 *et seq.*

*William A. Shaheen, Jr.,* for defendant on appeal.

Before: R. B. BURNS, P. J., and HOLBROOK and LEVIN, JJ.

HOLBROOK, J.  On June 29, 1970, defendant, Havit Fisher, Jr., pled guilty in the Genesee County Circuit Court to the crime of assault with intent to commit armed robbery. MCLA § 750.89 (Stat Ann 1962 Rev § 28.284).  Appearing with counsel, defendant admitted robbing, at gun point, a cleaning establishment in Fenton, Michigan, on April 16, 1970.  On July 30, 1970, after choosing not to withdraw his plea of guilty, defendant was sentenced to 10 to 20 years in prison.

Defendant raises two issues on appeal:

1. Did the trial court err in accepting the defendant's guilty plea in the absence of a specific waiver of defendant's rights?

2. Do allegations of promises of leniency require reversal?

I

Did the trial court err in accepting the defendant's guilty plea in the absence of a specific waiver of defendant's rights?

Defendant contends that the trial court failed to meet the standards required of states by the United States Supreme Court in *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274) by failure to advise defendant of his right to confront his accusers, his right to call witnesses in his defense, and his privilege to choose to testify in his own behalf or to remain silent.

*Boykin* holds at 395 US 243 (89 S Ct 1712, 23 L Ed 2d 279, 280):

"Several Federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. *Malloy v. Hogan* (1964), 378 US 1 (84 S Ct 1489, 12 L Ed 2d 653). Second, is the right to trial by jury. *Duncan v. Louisiana* (1968), 391 US 145 (88 S Ct 1444, 20 L Ed 2d 491). Third, is the right to confront one's accusers. *Pointer v. Texas* (1965), 380 US 400 (85 S Ct 1065, 13 L Ed 2d 923). We cannot presume a waiver of these three important Federal rights from a silent record."

In *People v. Jaworski* (1970), 25 Mich App 540 (*leave to appeal granted* on October 15, 1970, 384 Mich 766) this Court held that where the record was not silent there need be no specific waiver of the three mentioned rights. The test was whether the defendant did voluntarily and understandingly enter his guilty plea. The majority in *Jaworski* held that the defendant need not waive each of the rights mentioned in *Boykin* in order to enter a voluntary and understanding plea.

The following cases follow *Jaworski: People v. Sepulvado* (1970), 27 Mich App 66; *People v. Martin* (1970), 29 Mich App 295; *People v. Brewer* (1971), 31 Mich App 177. The case of *Brewer* holds (at 178):

"There is no requirement compelling the trial judge to inform defendant that he is waiving certain constitutional rights. *People v. Jaworski* (1970), 25 Mich App 540. Basically, the only requirement prescribed by statute (MCLA § 768.35 [Stat Ann 1954 Rev § 28.1058]), court rule (GCR 1963, 785.3), and by long-established case authority (*Kercheval v. United States* [1927], 274 US 220

[47 S Ct 582, 71 L Ed 1009]; *Chambers* v. *Florida* [1940], 309 US 227 [60 S Ct 472, 84 L Ed 716]) is that the guilty plea be voluntarily and intelligently made by the defendant. *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274)."

## II

Do allegations of promises of leniency require reversal?

Defendant contends that a letter written by an attorney who did not represent the defendant in any of the proceedings is a sufficient showing to require a hearing to determine whether promises of leniency were made. The letter states that defendant was offered immunity at the preliminary examination by the judge and the prosecutor in exchange for his testimony. After testifying, the offer was withdrawn. No affidavits are attached. No identification of the judge or prosecutor is made. It is not even clear what case the letter refers to.

This allegation must first be made in the trial court. It will not be heard in this Court for the first time. *People* v. *Horvath* (1970), 25 Mich App 649; *People* v. *Minson* (1970), 24 Mich App 692, 701; *People* v. *Dorner* (1970), 24 Mich App 306; *People* v. *Barron* (1970), 27 Mich App 379.

Affirmed, but without prejudice to defendant to file a delayed motion in the trial court for a new trial based on the claim set forth in issue II herein.

All concurred.