PEOPLE *v.* PAUL BROWN. Appeal from Recorder's Court of Detroit, Frank G. Schemanske, J. Submitted Division 1 July 27, 1971, at Grand Rapids. (Docket No. 11210.) Decided August 26, 1971.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Ted Vincent,* for defendant on appeal.

Before: HOLBROOK, P. J., and FITZGERALD and T. M. BURNS, JJ.

PER CURIAM. Defendant was charged with the crime of robbery armed contrary to MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28-.797). Assisted by counsel the defendant tendered a plea of guilty to the included offense of assault with intent to rob being armed, contrary to MCLA § 750.89 (Stat Ann 1962 Rev § 28.284). A sentence of 12–1/2 to 25 years imprisonment was imposed by the trial court and this appeal followed with the people moving to affirm.

Defendant's sole contention on appeal alleges that the lower court erred in failing to expressly advise him of his constitutional right to confrontation and his privilege against self-incrimination. The defendant cites *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274), in support of his contention.

When previously confronted by this issue, this Court has held that the decision in *Boykin* v. *Alabama, supra,* does not impose upon the trial judge the affirmative duty to expressly advise the defendant of the two aforementioned rights. *People* v. *Jaworski* (1970), 25 Mich App 540, *leave granted* 384 Mich 766; *People* v. *Fisher* (1971), 33 Mich App 660. As a consequence, defendant's allegation is devoid of merit.

The people's motion to affirm is granted.