PEOPLE v STEWART

1. Criminal Law—Plea of Guilty—Voluntariness—Privilege Against Self-Incrimination—Right of Confrontation.
   Failure of the trial court to inform a defendant of his privilege against self-incrimination and his right to confront his accusers does not make invalid a plea of guilty which is voluntarily and intelligently made.

2. Criminal Law—Plea of Guilty—Voluntariness.
   A plea of guilty was validly accepted by the trial court where the court informed the defendant of the elements of the offense with which he was charged, advised him of his right to trial by jury and his right to counsel, established that his plea was voluntarily made, and elicited a sufficient factual basis to support the truthfulness of the plea, even though the trial court did not advise the defendant of his privilege against self-incrimination and his right to confront his accusers.

Appeal from Van Buren, David Anderson, Jr., J. Submitted Division 3 December 9, 1971, at Grand Rapids. (Docket No. 11174.) Decided February 24, 1972. Reversed and remanded to circuit court, 387 Mich 808.

Elmer Stewart was convicted, on his plea of guilty, of breaking and entering a building with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, and *William C. Buhl*, Prosecuting Attorney, for the people.

Reference for Points in Headnotes
[1, 2] 21 Am Jur 2d, Criminal Law § 485 et seq.

*Arthur J. Tarnow,* State Appellate Defender, and *Jane Burgess,* Assistant Defender, for defendant.

Before: R. B. BURNS, P. J., and FITZGERALD and V. J. BRENNAN, JJ.

V. J. BRENNAN, J. Defendant pled guilty to the charge of breaking and entering a building with intent to commit larceny (MCLA 750.110; MSA 28.305). He appeals as of right after the trial court's denial of his motion for a new trial.

Defendant's position on appeal is, to this Court, a familiar one. He points out that the trial court did not advise him of his privilege against self-incrimination and his right to confront his accusers. Relying primarily on *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969), defendant argues that these omissions warrant the grant of a new trial.

Similar arguments have previously been rejected by the majority of the members of this Court. If the trial court determines that defendant's plea of guilty was voluntarily and intelligently made, then the requirements of *Boykin, supra,* are satisfied. *People v Jaworski,* 25 Mich App 540 (1970); *People v Brewer,* 31 Mich App 177 (1971).

In the instant case the court informed the defendant of the elements of the offense with which he was charged, advised him of his right to trial by jury and his right to counsel, established that his plea was voluntarily made, and elicited a sufficient factual basis to support the truthfulness of the plea. We find no error.

Affirmed.

All concurred.