501 P.2d 37

**STATE of Arizona, Appellee,**

v.

**Hughie Donald BURLESON, Appellant.**

**No. I CA–CR 444.**

Court of Appeals of Arizona,
Division 1,
Department B.

Sept. 21, 1972.

Gary K. Nelson, Atty. Gen., by Louis A. Moore, Jr., Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender for Maricopa County by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

HAIRE, Chief Judge, Division 1.

On June 29, 1972, defendant Hughie Donald Burleson pleaded guilty to an amended information which reduced his charge from armed robbery to assault with intent to commit robbery. The plea to the amended information was the result of a plea bargain. Prior to accepting the plea, the trial judge advised the defendant of his constitutional rights, and thoroughly examined him in order to ascertain that the guilty plea was voluntary, and knowingly and intelligently entered.

On this appeal from the judgment of conviction and sentence entered on the guilty plea, defendant contends that the guilty plea was not valid under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) because the record does not reflect an adequate factual basis for the plea.

It is the opinion of the court that the record presents an adequate factual basis for the acceptance of defendant's plea to the reduced charge. Defendant was a 22 year old high school graduate who worked as an accountant. Defendant was represented by counsel, and the pertinent portions of the record disclose the following questions and answers at the time his guilty plea was accepted:

"THE COURT: Each of you has heard the County Attorney move to file this amended information. It alleges in substance that each of you on or about the 10th day of May, 1971, in Maricopa County, Arizona, assaulted with the intent to

rob one Ted MacFarland in violation of ARS Section 13–252.

"Do each of you understand that that is the charge set forth in this amended information?

"MR. BURLESON: Yes.

"MR. STEERE: Yes.

"THE COURT: Reviewing the elements of the charge, under the law assault is defined as an unlawful attempt coupled with a present ability to commit a physical injury upon the person of another. Robbery is the felonious taking of personal property in the possession of another from his person or immediate presence, or against his will, accomplished by means of force or fear.

"You are charged under Section 13–252, which reads as follows: A person who assaults another with intent to commit robbery, as applied in this case, shall be punished in prison, in the State Prison at Florence, Arizona, for not less than one nor more than fourteen years.

"Now with reference to this particular charge, do each of you want to withdraw your former pleas of not guilty and now enter a plea of guilty to this amended information?

"MR. BURLESON: Yes.

"MR. STEERE: Yes.

. "THE COURT: And is it true that each of you on or about the 10th day of May, 1971, in Maricopa County, Arizona, assaulted with intent to rob one Ted MacFarland in violation of the statute which the Court has just read to you?

"MR. BURLESON: Yes.

"MR. STEERE: Yes."

In view of the court's preliminary questions and explanations, there is inherent in the court's final question and the defendant's response thereto factual implications and admissions not otherwise readily apparent when reading the final question and response without reference to the remainder of the record.

Affirmed.

EUBANK and JACOBSON, JJ., concur.