FERGUSON, Judge.
Section 2-42(22), Code of Metropolitan Dade County, provides: “In case any [employee] shall have been tried and found guilty [of a crime] and his conviction is not reversed, he shall automatically forfeit his position in the county service and shall not thereafter be eligible to any such service. ...”
Hector Silva, a Dade County employee, was convicted in the United States District Court on a guilty plea and sentenced to a term of imprisonment at the federal prison in Lexington, Kentucky. Thereafter he was terminated from employment by Dade County pursuant to section 2-42(22). After serving the sentence he sought reinstatement to employment. This appeal is brought from a denial of his request for return to service with the county.
Silva’s contention here is that termination pursuant to the above provision was improper because his conviction was entered not after a trial but on a guilty plea. We reject the argument. Language in the Code referring to a trial is surplusage. The basis for termination, as contemplated by the Code, and the operative language in the provision, is a conviction. An accused may waive the right to a trial and be convicted in a formal plea proceeding which substitutes for a trial. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
AFFIRMED.