946 F.2d 896
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert CONLEE and Edward Phillips, Defendants-Appellants.
 Nos. 90-3246, 90-3476.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1991.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Robert Conlee and Edward Phillips appeal their convictions on various drug charges. Conlee argues that he did not enter his guilty plea voluntarily, knowingly, or intelligently. Phillips appeals the district court's refusal to order the government to produce a confidential informant and the district court's admission of certain co-conspirator testimony. For the following reasons, we affirm.
 
 
 2
 On July 1, 1989, Conlee and Phillips were arrested on numerous drug charges stemming from the attempted purchase of ten kilograms of cocaine from an undercover Drug Enforcement Agency agent in Cincinnati, Ohio. Conlee and another defendant, Ricardo Martin, had negotiated the deal from Chicago during phone conversations with Conlee's girlfriend, Claudia Alfaro. At the time of these phone calls Alfaro, whom DEA agents arrested two months earlier on drug charges, was cooperating with the DEA. The DEA recorded Alfaro's phone conversations with Conlee and Martin.
 
 
 3
 Although Phillips did not participate in any of the phone conversations leading up to the July 1 arrests, Ricardo Martin hired him to drive to Cincinnati with Conlee to make a cocaine buy. Before the trip, during a phone conversation with Alfaro, Conlee mentioned that "Six"--Phillips' alias--would accompany Conlee to Cincinnati to make the buy. After his arrest, Phillips admitted that he accompanied Conlee to Cincinnati to check the quality of the cocaine. Phillips claimed, however, that he returned to the hotel room before the sale was made because he did not want to become part of the money-for-drugs transaction. Upon conviction, the court sentenced Phillips to ten years imprisonment and five years of supervised release. Conlee pled guilty and the court also sentenced him to ten years imprisonment and five years of supervised release.
 
 I. Conlee's Appeal
 
 4
 On the date set for trial, Conlee pled guilty to a charge of attempting to possess cocaine with an intent to distribute. The court, following Rule 11 of the Federal Rules of Criminal Procedure, accepted Conlee's guilty plea after determining that it was voluntary and intelligent. A week later Conlee asked the court to withdraw the plea on the grounds it was not voluntary or intelligent. The court refused Conlee's request.
 
 
 5
 The only issue on appeal is whether Conlee's guilty plea was voluntary and intelligent. Although Conlee's brief does not explicitly state the premises for his argument, he apparently claims that the district court was prejudiced in favor of the government and that he was confused and pressured with regard to his plea.
 
 
 6
 Fed.R.Crim.P. 11 provides the basis for properly accepting a guilty plea. The three considerations underlying Rule 11 are that the plea be non-coerced, that the defendant understands the nature of the charge, and that the defendant appreciates the consequences of his plea. United States v. Bell, 776 F.2d 965, 968 (11th Cir.1985). The validity of a guilty plea is determined by the totality of the circumstances. Brady v. United States, 397 U.S. 742 (1970). To properly accept a guilty plea, there must be an "affirmative showing that [the plea] was intelligent and voluntary." Matusiak v. Kelly, 786 F.2d 536, 546 (2d Cir.1986) (quoting Boykin v. Alabama, 395 U.S. 238, 242 (1969)). The record demonstrates that such an affirmative showing existed and that the district court's actions were proper.
 
 
 7
 The court did not pressure Conlee to plead guilty. Rather, the court went to great lengths to make clear to Conlee that he had the choice of either pleading guilty or having a jury trial. As acknowledged by the Supreme Court in Brady, 397 U.S. at 755, the voluntariness of a guilty plea, when entered into intelligently, is suspect if it was induced by threats, misrepresentation, or improper promises. None of these factors existed here and, as evidenced by the trial record, Conlee's plea was voluntary.
 
 
 8
 The trial court must determine if the plea was intelligent. For a plea to be considered intelligent, the court must inform the defendant of the charges against him and he must understand the nature of the charges. Bell, 776 F.2d at 968. There is no set formula for this determination; it is left to the court's "good judgment" based on the complexity of the charges and the defendant's sophistication and intelligence. Id. (quoting United States v. Dayton, 604 F.2d 931, 938 (5th Cir.1979)). The court advised Conlee, who had attended college for two years, of the charges against him, the range of sentences available, the applicability of the sentencing guidelines, and the various constitutional rights waived by a guilty plea. These circumstances, as well as Conlee's dialogue with the district court during the entry of his plea, support the district court's finding that Conlee's plea was intelligent and voluntary.
 
 II. Phillips' Appeal
 
 9
 During the trial, Phillips objected that the government had not presented sufficient evidence to establish a conspiracy. The court overruled Phillips' objection and allowed the government to present hearsay statements of co-conspirators. Additionally, Phillips filed a pre-trial motion requesting that the government disclose the identity of the confidential informant. The court denied Phillips' motion and the informant testified at trial.
 
 
 10
 In his two-part appeal, Phillips makes several different arguments. The first prong of Phillips' appeal concerns the confidential informant (Alfaro) who testified against Phillips at trial. Phillips argues that the trial court erred when it refused to order the government to disclose Alfaro's identity prior to trial. Further, Phillips argues that a Jencks Act violation occurred when the court failed to order production of documents following Alfaro's testimony. Alternatively, Phillips claims that the trial court should have conducted an in-camera hearing to explore the relevance and possible helpfulness of disclosing Alfaro's identity. In the second prong of his appeal, Phillips argues that the court improperly admitted co-conspirator hearsay testimony before the government established the existence of a conspiracy by a preponderance of evidence and that the court was tardy in ruling that the government had established a conspiracy.
 
 
 11
 The district court did not improperly deny Phillips request for the disclosure of a confidential informant's identity. Prior to trial, the government made available to Phillips various taped conversations between the informant and Conlee. More importantly, the informant testified at Phillips' trial and counsel extensively cross-examined her at that time. Phillips' reliance on Roviaro v. United States, 353 U.S. 53 (1957), as urging the disclosure of an informant's identity, is misplaced. In Roviaro, the government never made the confidential witness available to the defendant, the witness never testified at trial, and was the only party who could confirm or deny the defendant's version of events. Here, the confidential informant, Alfaro, appeared at trial and the taped conversations to which she was a party were made available to the defendant prior to trial.
 
 
 12
 Phillips never requested Jencks material following the confidential informant's testimony and, therefore, has no valid Jencks Act claim. 18 U.S.C. § 3500(b), requires the district court to order production of Jencks material upon motion of the defendant. If the defendant waits until after the trial to request Jencks material, he has waived the right to relief. United States v. Petito, 671 F.2d 68 (2d Cir.1982).
 
 
 13
 Phillips' assertion that the trial court should have conducted an in-camera interview to determine if the informant's identity should be disclosed is improperly based on United States v. Sharp, 778 F.2d 1182 (6th Cir.1985). In Sharp, the defendant was making an entrapment claim and the trial court ordered disclosure based solely on defendant's representations. The appellate court found this improper and ruled that the district court should have first conducted an in-camera interview of the informant. Id. at 1187. Before such an in-camera interview can take place, however, the defendant must produce sufficient evidence supporting an entrapment defense. Phillips did not provide any evidence to trigger a hearing.
 
 
 14
 The trial court properly admitted co-conspirator hearsay statements subject to later demonstration of their admissibility. United States v. Vinson, 606 F.2d 149, 153 (6th Cir.1979). The trial court properly found that the government, by a preponderance of the evidence, had established that a conspiracy existed, that the defendant was a participant, and that the statement was made during the conspiracy. The trial court's only mistake under Vinson was not to make this ruling immediately following completion of the government's case. Instead, the trial court waited until moments later, after Phillips' counsel had begun direct examination of Phillips, before making the hearsay ruling. This minor oversight by the trial judge constitutes, at most, harmless error.
 
 
 15
 Accordingly, we affirm the judgments of the district court.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation