**David Todd INMAN, Petitioner–Appellant,**

v.

**Mary BERGHUIS, Respondent–Appellee.**

No. 03–1571.

United States Court of Appeals, Sixth Circuit.

June 18, 2004.

David Todd Inman, Jackson, MI, pro se.

Jerrold E. Schrotenboer, Jackson, MI, Brenda E. Turner, Office of the Attorney General, Lansing, MI, for Respondent–Appellee.

Before: SILER, DAUGHTREY, and SUTTON, Circuit Judges.

### ORDER

David Todd Inman, a Michigan prisoner proceeding pro se, appeals the district court judgment denying his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In March 1998, Inman was charged with one count of second-degree criminal sexual conduct involving contact with a person under thirteen years of age. *See* Mich. Comp. Laws § 750.520c(1)(a). Inman's counsel moved to withdraw shortly before the date scheduled for trial, but the trial court denied the motion. Inman pleaded no contest and the trial court sentenced him to three to fifteen years of imprisonment. Inman filed a notice of appeal and moved to withdraw his plea. The trial court denied the motion and the Michigan appellate courts denied Inman leave to appeal.

Inman filed a petition for a writ of federal habeas corpus in September 2002. The district court denied the petition and Inman appealed. The district court granted Inman a certificate of appealability with respect to one claim: whether the trial court violated his Sixth Amendment rights and the Michigan Constitution by not appointing substitute counsel.

On appeal, Inman argues that: (1) the trial court failed to make an adequate inquiry into the conflict of interest between Inman and his counsel; (2) the trial court abused its discretion by threatening Inman with a penalty of incarceration if he did not proceed with his retained counsel; (3) he was constructively denied counsel at a critical stage of the proceedings; (4) the trial court and state appeals court erred by refusing to hold an evidentiary hearing on his claim; and (5) the district court incorrectly decided the facts and applied the incorrect legal standard to his claim.

We review de novo a district court's legal conclusions in habeas corpus actions and review its factual findings for clear error. *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir.1999). Under the Antiterrorism and Effective Death Penalty Act, a district court shall not grant a habeas petition with respect to any claim that was adjudicated on the merits in the state courts unless the adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The habeas petitioner has the burden of rebutting, by clear and convincing evidence, the presumption that the state court's factual findings were correct. *See* 28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998).

Upon review, we affirm the district court's decision for the reasons stated by the district court. Inman's trial was scheduled for January 19, 1999. A week before the trial date, Inman's counsel, Charles Zwick, moved to withdraw because of what he termed a breakdown in the attorney-client relationship. Zwick and Inman had not met to discuss the case and there was a dispute over fees. The trial court denied Zwick's motion to withdraw and rescheduled the trial. Inman pleaded no contest on February 24, 1999, and was sentenced on April 30, 1999.

Represented by new counsel, Inman filed an appeal in May 1999 and a motion to withdraw his plea in July 1999. In his motion to withdraw, Inman asserted that Zwick had demanded an additional $2,000.00 in fees in January 1999 or else he would withdraw as counsel, and that he pressured Inman into pleading guilty. Inman's counsel argued that Inman should have been allowed to fire Zwick, get a court-appointed attorney, and decide whether to enter a plea or go to trial. The trial court denied the motion, finding that practice in felony cases required counsel to stay in for the duration and that the situation did not call for the appointment of substitute counsel. The Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal without opinion.

The state court's decision was not contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d); *Williams*, 529 U.S. at 412–13. The record supports the trial court's conclusion that there was no conflict of interest between Inman and Zwick, and Inman did not rebut the presumption that the state court's factual findings were correct. *See* 28 U.S.C. § 2254(e)(1); *Warren*, 161 F.3d at 360–61. Even if it is assumed that there was a conflict of interest between Inman and his attorney, Inman did not allege that he was actually prejudiced by Zwick's representation. *See Mickens v. Taylor*, 535 U.S. 162, 171, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002). Instead of arguing that he would have insisted on going to trial, Inman argued that he should have been permitted to get an appointed attorney and choose between en-

tering a plea or going to trial. *See Hill v. Lockhart,* 474 U.S. 52, 58–59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *McAdoo v. Elo,* 346 F.3d 159, 170 (6th Cir.2003). The trial court noted the dispute between Inman and Zwick but concluded that the appointment of substitute counsel was not appropriate. Inman may not have gotten the attorney he preferred, but there is no evidence that the attorney he got was ineffective. *See Wheat v. United States,* 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988).

Indeed, the record refutes any suggestion that Inman was prejudiced by Zwick's advice to plead guilty. Under the terms of the plea agreement, the prosecution agreed not to pursue further charges and to stand silent at sentencing. In addition to the charge Inman pleaded guilty to, the police had investigated allegations that he had sexually assaulted his daughter and step-daughter. The transcript of Inman's plea reveals that the trial judge questioned him about the charge, asked him whether he understood the rights he was giving up, and explained that no deal was being made for him. Inman swore that he understood his rights and was satisfied with Zwick's representation. Thus, his guilty plea was knowingly, voluntarily, and intelligently entered. *See Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama,* 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). There is nothing in the record to support Inman's later claim that he felt coerced into entering his plea.

We have considered Inman's arguments on appeal and conclude that they are without merit. For the foregoing reasons, we affirm the district court's decision. Rule 34(j)(2)(C), Rules of the Sixth Circuit.