# BOYKIN *v.* ALABAMA.

No. 642.  Argued March 4, 1969.—Decided June 2, 1969.

*E. Graham Gibbons,* by appointment of the Court, 393 U. S. 931, argued the cause for petitioner. With him on the brief was *Stephen A. Hopkins.*

*David W. Clark,* Assistant Attorney General of Alabama, argued the cause for respondent. With him on the brief was *MacDonald Gallion,* Attorney General.

*Jack Greenberg, James M. Nabrit III, Michael Meltsner, Melvyn Zarr,* and *Anthony G. Amsterdam* filed a brief for the NAACP Legal Defense and Educational Fund, Inc., et al. as *amici curiae* urging reversal.

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

In the spring of 1966, within the period of a fortnight, a series of armed robberies occurred in Mobile, Alabama. The victims, in each case, were local shopkeepers open at night who were forced by a gunman to hand over money. While robbing one grocery store, the assailant fired his gun once, sending a bullet through a door into the ceiling. A few days earlier in a drugstore, the robber had allowed his gun to discharge in such a way that the bullet, on ricochet from the floor, struck a customer in the leg. Shortly thereafter, a local grand jury returned five indictments against petitioner, a 27-year-old Negro, for common-law robbery—an offense punishable in Alabama by death.

Before the matter came to trial, the court determined that petitioner was indigent and appointed counsel[1] to represent him. Three days later, at his arraignment, petitioner pleaded guilty to all five indictments. So far as the record shows, the judge asked no questions of petitioner concerning his plea, and petitioner did not address the court.

---

[1] *Hamilton* v. *Alabama,* 368 U. S. 52; Ala. Code, Tit. 15, §§ 318 (1)–(12) (Supp. 1967).

Trial strategy may of course make a plea of guilty seem the desirable course. But the record is wholly silent on that point and throws no light on it.

Alabama provides that when a defendant pleads guilty, "the court must cause the punishment to be determined by a jury" (except where it is required to be fixed by the court) and may "cause witnesses to be examined, to ascertain the character of the offense." Ala. Code, Tit. 15, § 277 (1958). In the present case a trial of that dimension was held, the prosecution presenting its case largely through eyewitness testimony. Although counsel for petitioner engaged in cursory cross-examination, petitioner neither testified himself nor presented testimony concerning his character and background. There was nothing to indicate that he had a prior criminal record.

In instructing the jury, the judge stressed that petitioner had pleaded guilty in five cases of robbery,[2] defined as "the felonious taking of money . . . from another against his will . . . by violence or by putting him in fear . . . [carrying] from ten years minimum in the penitentiary to the supreme penalty of death by electrocution." The jury, upon deliberation, found petitioner guilty and sentenced him severally to die on each of the five indictments.

Taking an automatic appeal to the Alabama Supreme Court, petitioner argued that a sentence of death for common-law robbery was cruel and unusual punishment within the meaning of the Federal Constitution, a suggestion which that court unanimously rejected. 281 Ala. 659, 207 So. 2d 412. On their own motion, however, four of the seven justices discussed the constitutionality of the process by which the trial judge had accepted petitioner's guilty plea. From the order affirming the

---

[2] The elements of robbery in Alabama are derived from the common law, but the possible penalties are fixed by statute. Ala. Code, Tit. 14, § 415 (1958).

trial court, three justices dissented on the ground that the record was inadequate to show that petitioner had intelligently and knowingly pleaded guilty. The fourth member concurred separately, conceding that "a trial judge should not accept a guilty plea unless he has determined that such a plea was voluntarily and knowingly entered by the defendant," but refusing "[f]or aught appearing" "to presume that the trial judge failed to do his duty." 281 Ala., at 662, 663, 207 So. 2d, at 414, 415. We granted certiorari. 393 U. S. 820.

Respondent does not suggest that we lack jurisdiction to review the voluntary character of petitioner's guilty plea because he failed to raise that federal question below and the state court failed to pass upon it.[3] But the question was raised on oral argument and we conclude that it is properly presented. The very Alabama statute (Ala. Code, Tit. 15, § 382 (10) (1958)) that provides automatic appeal in capital cases also requires the reviewing court to comb the record for "any error prejudicial to the appellant, even though not called to our attention in brief of counsel." *Lee* v. *State,* 265 Ala. 623, 630, 93 So. 2d 757, 763. The automatic appeal statute "is the only provision under the Plain Error doctrine of which we are aware in Alabama criminal appellate review." *Douglas* v. *State,* 42 Ala. App. 314, 331, n. 6, 163 So. 2d 477, 494, n. 6. In the words of the Alabama Supreme Court:

> "Perhaps it is well to note that in reviewing a death case under the automatic appeal statute, . . . we may consider any testimony that was seriously prejudicial to the rights of the appellant and may

---

[3] This is unlike *Cardinale* v. *Louisiana,* 394 U. S. 437, in which the state court was perhaps unacquainted with the federal question at issue. For, as already stated, four of the seven justices on the court below (a majority) discussed the matter and its implications for Alabama law.

reverse thereon, even though no lawful objection or exception was made thereto. [Citations omitted.] Our review is not limited to the matters brought to our attention in brief of counsel." *Duncan* v. *State,* 278 Ala. 145, 157, 176 So. 2d 840, 851.

It was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary. That error, under Alabama procedure, was properly before the court below and considered explicitly by a majority of the justices and is properly before us on review.

A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment. See *Kercheval* v. *United States,* 274 U. S. 220, 223. Admissibility of a confession must be based on a "reliable determination on the voluntariness issue which satisfies the constitutional rights of the defendant." *Jackson* v. *Denno,* 378 U. S. 368, 387. The requirement that the prosecution spread on the record the prerequisites of a valid waiver is no constitutional innovation. In *Carnley* v. *Cochran,* 369 U. S. 506, 516, we dealt with a problem of waiver of the right to counsel, a Sixth Amendment right. We held: "Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."

We think that the same standard must be applied to determining whether a guilty plea is voluntarily made. For, as we have said, a plea of guilty is more than an admission of conduct; it is a conviction.[4] Ignorance,

---

[4] "A plea of guilty is more than a voluntary confession made in open court. It also serves as a stipulation that no proof by the

incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect cover-up of unconstitutionality. The question of an effective waiver of a federal constitutional right in a proceeding is of course governed by federal standards. *Douglas* v. *Alabama,* 380 U. S. 415, 422.

Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. *Malloy* v. *Hogan,* 378 U. S. 1. Second, is the right to trial by jury. *Duncan* v. *Louisiana,* 391 U. S. 145. Third, is the right to confront one's accusers. *Pointer* v. *Texas,* 380 U. S. 400. We cannot presume a waiver of these three important federal rights from a silent record.[5]

What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts

---

prosecution need be advanced . . . . It supplies both evidence and verdict, ending controversy." *Woodard* v. *State,* 42 Ala. App. 552, 558, 171 So. 2d 462, 469.

[5] In the federal regime we have Rule 11 of the Federal Rules of Criminal Procedure which governs the duty of the trial judge before accepting a guilty plea. See *McCarthy* v. *United States,* 394 U. S. 459. We said in that case:

"A defendant who enters such a plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be 'an intentional relinquishment or abandonment of a known right or privilege.' *Johnson* v. *Zerbst,* 304 U. S. 458, 464 (1938). Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *Id.,* at 466.

are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought [6] (*Garner* v. *Louisiana*, 368 U. S. 157, 173; *Specht* v. *Patterson*, 386 U. S. 605, 610), and forestalls the spin-off of collateral proceedings that seek to probe murky memories.[7]

The three dissenting justices in the Alabama Supreme Court stated the law accurately when they concluded that there was reversible error "because the record does not disclose that the defendant voluntarily and understandingly entered his pleas of guilty." 281 Ala., at 663, 207 So. 2d, at 415.

*Reversed.*

MR. JUSTICE HARLAN, whom MR. JUSTICE BLACK joins, dissenting.

The Court today holds that petitioner Boykin was denied due process of law, and that his robbery convictions must be reversed outright, solely because "the record

---

[6] Among the States requiring that an effective waiver of the right to plead not guilty appear affirmatively in the record are Colorado, Colo. Rev. Stat. Ann. § 39-7-8; Illinois, Ill. Rev. Stat., c. 38, §§ 113-1 to 114-14; Missouri, *State* v. *Blaylock*, 394 S. W. 2d 364 (1965); New York, *People* v. *Seaton*, 19 N. Y. 2d 404, 407, 227 N. E. 2d 294, 295 (1967); Wisconsin, *State* v. *Burke*, 22 Wis. 2d 486, 494, 126 N. W. 2d 91, 96 (1964); and Washington, *Woods* v. *Rhay*, 68 Wash. 2d 601, 605, 414 P. 2d 601, 604 (1966).

[7] "A majority of criminal convictions are obtained after a plea of guilty. If these convictions are to be insulated from attack, the trial court is best advised to conduct an on the record examination of the defendant which should include, inter alia, an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences." *Commonwealth ex rel. West* v. *Rundle*, 428 Pa. 102, 105-106, 237 A. 2d 196, 197-198 (1968).

[is] inadequate to show that petitioner . . . intelligently and knowingly pleaded guilty." *Ante,* at 241. The Court thus in effect fastens upon the States, as a matter of federal constitutional law, the rigid prophylactic requirements of Rule 11 of the Federal Rules of Criminal Procedure. It does so in circumstances where the Court itself has only very recently held application of Rule 11 to be unnecessary in the federal courts. See *Halliday* v. *United States,* 394 U. S. 831 (1969). Moreover, the Court does all this at the behest of a petitioner who has never at any time alleged that his guilty plea was involuntary or made without knowledge of the consequences. I cannot possibly subscribe to so bizarre a result.

## I.

In June 1966, an Alabama grand jury returned five indictments against petitioner Boykin, on five separate charges of common-law robbery. He was determined to be indigent, and on July 11 an attorney was appointed to represent him. Petitioner was arraigned three days later. At that time, in open court and in the presence of his attorney, petitioner pleaded guilty to all five indictments. The record does not show what inquiries were made by the arraigning judge to confirm that the plea was made voluntarily and knowingly.[1]

Petitioner was not sentenced immediately after the acceptance of his plea. Instead, pursuant to an Alabama statute, the court ordered that "witnesses . . . be examined, to ascertain the character of the offense," in the presence of a jury which would then fix petitioner's sen-

---

[1] The record states only that:

"This day in open court came the State of Alabama by its District Attorney and the defendant in his own proper person and with his attorney, Evan Austill, and the defendant in open court on this day being arraigned on the indictment in these cases charging him with the offense of Robbery and plead guilty." Appendix 4.

tence.   See Ala. Code, Tit. 14, § 415 (1958); Tit. 15, § 277. That proceeding occurred some two months after petitioner pleaded guilty.   During that period, petitioner made no attempt to withdraw his plea.   Petitioner was present in court with his attorney when the witnesses were examined.   Petitioner heard the judge state the elements of common-law robbery and heard him announce that petitioner had pleaded guilty to that offense and might be sentenced to death.   Again, petitioner made no effort to withdraw his plea.

On his appeal to the Alabama Supreme Court, petitioner did not claim that his guilty plea was made involuntarily or without full knowledge of the consequences.   In fact, petitioner raised no questions at all concerning the plea.[2]   In his petition and brief in this Court, and in oral argument by counsel, petitioner has never asserted that the plea was coerced or made in ignorance of the consequences.

## II.

Against this background, the Court holds that the Due Process Clause of the Fourteenth Amendment requires the outright reversal of petitioner's conviction. This result is wholly unprecedented.   There are past holdings of this Court to the effect that a federal habeas corpus petitioner who makes sufficiently credible allegations that his state guilty plea was involuntary is entitled to a hearing as to the truth of those allegations. See, *e. g., Waley* v. *Johnston,* 316 U. S. 101 (1942); cf. *Machibroda* v. *United States,* 368 U. S. 487 (1962). These holdings suggest that if equally convincing allegations were made in a petition for certiorari on direct review, the petitioner might in some circumstances be

---

[2] However, I am willing to accept the majority's view that we do have jurisdiction to consider the question.

entitled to have a judgment of affirmance vacated and the case remanded for a state hearing on voluntariness. Cf. *Jackson* v. *Denno,* 378 U. S. 368, 393–394 (1964). However, as has been noted, this petitioner makes no allegations of actual involuntariness.

The Court's reversal is therefore predicated entirely upon the failure of the arraigning state judge to make an "adequate" record. In holding that this is a ground for reversal, the Court quotes copiously from *McCarthy* v. *United States,* 394 U. S. 459 (1969), in which we held earlier this Term that when a *federal* district judge fails to comply in every respect with the procedure for accepting a guilty plea which is prescribed in Rule 11 of the Federal Rules of Criminal Procedure, the plea must be set aside and the defendant permitted to replead, regardless of lower-court findings that the plea was in fact voluntary. What the Court omits to mention is that in *McCarthy* we stated that our decision was based "solely upon our construction of Rule 11," and explicitly disavowed any reliance upon the Constitution. *Id.,* at 464. Thus *McCarthy* can provide no support whatever for today's constitutional edict.

### III.

So far as one can make out from the Court's opinion, what is now in effect being held is that the prophylactic procedures of Criminal Rule 11 are substantially applicable to the States as a matter of federal constitutional due process. If this is the basis upon which Boykin's conviction is being reversed, then the Court's disposition is plainly out of keeping with a sequel case to *McCarthy,* decided only last month. For the Court held in *Halliday* v. *United States,* 394 U. S. 831 (1969), that "in view of the large number of constitutionally valid convictions that may have been obtained without full compliance with Rule 11, we decline to apply *McCarthy* retroac-

tively." *Id.,* at 833. The Court quite evidently found Halliday's conviction to be "constitutionally valid," for it affirmed the conviction even though Halliday's guilty plea was accepted in 1954 without any explicit inquiry into whether it was knowingly and understandingly made, as now required by present Rule 11. In justification, the Court noted that two lower courts had found in collateral proceedings that the plea was voluntary. The Court declared that:

> "[A] defendant whose plea has been accepted without full compliance with Rule 11 may still resort to appropriate post-conviction remedies to attack his plea's voluntariness. Thus, if his plea was accepted prior to our decision in *McCarthy,* he is not without a remedy to correct constitutional defects in his conviction." *Id.,* at 833.

It seems elementary that the Fifth Amendment due process to which petitioner Halliday was entitled must be at least as demanding as the Fourteenth Amendment process due petitioner Boykin. Yet petitioner Halliday's federal conviction has been affirmed as "constitutionally valid," despite the omission of any judicial inquiry of record at the time of his plea, because he initiated collateral proceedings which revealed that the plea was actually voluntary. Petitioner Boykin, on the other hand, today has his Alabama conviction reversed because of exactly the same omission, even though he too "may . . . resort to appropriate post-conviction remedies to attack his plea's voluntariness" and thus "is not without a remedy to correct constitutional defects in his conviction." In short, I find it utterly impossible to square today's holding with what the Court has so recently done.

I would hold that petitioner Boykin is not entitled to outright reversal of his conviction simply because of

the "inadequacy" of the record pertaining to his guilty plea. Further, I would not vacate the judgment below and remand for a state-court hearing on voluntariness. For even if it is assumed for the sake of argument that petitioner would be entitled to such a hearing if he had alleged that the plea was involuntary, a matter which I find it unnecessary to decide, the fact is that he has never made any such claim. Hence, I consider that petitioner's present arguments relating to his guilty plea entitle him to no federal relief.[3]

---

[3] Petitioner advances two additional constitutional arguments: that imposition of the death penalty for common-law robbery is "cruel and unusual punishment" in violation of the Fourteenth Amendment; and that to permit a jury to inflict the death penalty without any "standards" to guide its discretion amounts to a denial of due process. I do not reach these issues because the Court has not done so.