## S00A1100. BAZEMORE v. THE STATE.
### (535 SE2d 760)

HINES, Justice.

We granted Levon Bazemore an appeal from the denial of his petition for writ of habeas corpus to consider whether his 1990 guilty pleas were constitutionally valid under *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). We conclude that they were not, and reverse.

On June 13, 1990, Bazemore entered guilty pleas in unrelated cases for theft by receiving and theft by taking. He was represented by counsel and received concurrent sentences of four years with one year to be served in confinement and the balance to be served on unsupervised probation. In addition, Bazemore consented to revocation of his probation for possession of a controlled substance for a concurrent 12 months with credit for time served. The convictions resulted in enhancement of a federal sentence Bazemore is serving.

In August 1998, Bazemore filed a pro se petition for writ of habeas corpus alleging that he did not enter the 1990 pleas knowingly and voluntarily and that his attorney was ineffective for allowing him to enter the invalid pleas. Following the filing of the pro se petition, Bazemore obtained counsel who represented him at the habeas hearing and who also filed a post-hearing brief on Bazemore's

behalf.

1. Once a petitioner raises a question about the validity of a guilty plea, the State has the burden to show that the plea was voluntarily, knowingly, and intelligently made. *Byrd v. Shaffer*, 271 Ga. 691, 692 (2) (523 SE2d 875) (1999); *Bowers v. Moore*, 266 Ga. 893, 895 (1) (471 SE2d 869) (1996). The State can meet its burden by making a showing on the record that the defendant was cognizant of his rights and the waiver of those rights, or by using extrinsic evidence that shows affirmatively that the guilty plea was entered knowingly and voluntarily. *Bowers v. Moore* at 895 (1). If the State fails to make such a showing, the guilty plea will be considered invalid. Id.

The habeas court correctly found that the guilty plea transcript did not satisfy the dictates of *Boykin v. Alabama* for there was no colloquy with Bazemore or any other effort by the sentencing court to ensure that Bazemore understood the constitutional rights he would be waiving. The sentencing court did not pose the mandatory questions and advisements required before a court may accept a guilty plea. There was merely a brief factual statement and a form given to Bazemore acknowledging that the probation would be unsupervised. See *Boykin v. Alabama*, 395 U. S. at 243-244; *Bowers v. Moore* at 894 (1).

The habeas court then allowed the State to attempt to show the validity of the pleas through extrinsic evidence. *Bowers v. Moore* at 895 (1); *Knight v. Sikes*, 269 Ga. 814, 816 (2) (504 SE2d 686) (1998). Bazemore's plea attorney, Calhoun, testified that he did not remember Bazemore's cases, the pleas, or the sentences, but that as a general practice, he and his then-partner advised clients of what the sentence could be; that they had a right to a jury trial; and the consequences of a plea. When asked whether he "usually [went] over certain Constitutional rights with the defendant when he's going to enter a guilty plea," Calhoun responded that he "couldn't say." He did not know about asking "the statutory questions," such as satisfaction with his services or the right against self-incrimination. He further testified that he went over only questions "pertinent to my plea." On cross-examination, Calhoun reaffirmed that he did not "remember anything in this case." Bazemore testified unequivocally that he was not advised of his rights at the time that he entered the 1990 pleas. Yet, the habeas court found that the State overcame the undisputed irregularities of the plea hearing and that Bazemore's pleas were knowing and voluntary.

In finding that the pleas were knowing and voluntary, the habeas court expressly relied on Calhoun's testimony about "his usual practice of making certain that his clients understood their rights prior to accepting a guilty plea" and Calhoun's statement that Bazemore "certainly knew what he was doing." But, the attorney's

testimony did not provide a basis for a favorable determination about the pleas. Certainly, evidence of a routine or standard practice or procedure can be used in demonstrating compliance with constitutional standards. *Jackson v. Hopper*, 243 Ga. 41, 42 (252 SE2d 467) (1979). However, here Calhoun's testimony about his usual handling of criminal defendants fell well short of demonstrating that Bazemore was fully informed of the constitutional rights he was waiving by pleading guilty. *Knight v. Sikes*, supra at 817 (2). What is more, Calhoun's undisputed failure to remember anything about the pleas renders merely speculative his conclusion that Bazemore certainly knew what he was doing.

In reaching its decision, the habeas court also noted that Bazemore was not mentally impaired; was intelligent; experienced in the criminal processes; and "remained aware of his rights from earlier plea hearings." The court further observed that at the habeas hearing Bazemore exhibited "more than a passing acquaintance with the case law in this area," and that his answers appeared contrived and lacking in credibility. But these observations do not support the upholding of the pleas.

Certainly a defendant's intelligence and cognitive ability may be relevant in assessing the voluntary and knowing nature of a plea. See *Bowers v. Moore,* supra. But Bazemore's intelligence cannot substitute for the failure to advise him of the important rights he was relinquishing. Nor can the fact that Bazemore may have been informed of those rights at prior criminal proceedings. The State argues that the pleas at issue satisfy the mandates of *Boykin* because Bazemore was aware of his rights from his experience with the criminal justice system in 1988 in a plea hearing on an earlier charge, where apparently the *Boykin* questions were posed and the fact that Bazemore stated at the habeas hearing that he has a good memory. It also cites the fact that Bazemore was advised of his right to a jury trial at an unsuccessful attempt to take pleas for the present criminal conduct approximately two weeks earlier and that Bazemore ultimately obtained a better plea bargain.

But the legal fallacy of the State's argument is plain. The constitutional rights articulated in *Boykin* are implicated when a recidivist defendant enters a plea of guilty. *Larry v. Hicks*, 268 Ga. 487 (491 SE2d 373) (1997). Otherwise the concerns of *Boykin* would address solely the first time offender. The State's argument is factually flawed as well. At the time of the 1988 pleas, Bazemore was only eighteen years old, and at the 1999 habeas hearing he testified that any recollection of rights given him during the 1988 plea proceeding was from his review of that proceeding in 1996. As to the aborted plea attempt nearly two weeks before the pleas at issue were entered, the transcript shows that at most the right to a jury trial

was mentioned.

The court's references to Bazemore's legal knowledge and to Bazemore's credibility do not save the pleas either. At the habeas hearing, Bazemore testified that the extent of his education was high school and a "little vocational education"; indeed, the record suggests that any knowledge of the criminal law that Bazemore possesses was gleaned subsequent to his entry of the pleas and during the more than eight years until his filing of the present habeas petition. And as to Bazemore's credibility, even if Bazemore's testimony is wholly disregarded, there is no evidence of record to support a finding that Bazemore was ever advised of his constitutional rights at the time he entered his pleas, and that he made a knowing and intelligent waiver of those rights.

> A plea of guilty is more than a mere confession of certain acts, "it is itself a conviction; nothing remains but to give judgment and determine punishment." The waiver of constitutional rights that occurs when a plea of guilty is entered is so great that it "demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequences."

*Bowers v. Moore*, supra at 894 (1). Unquestionably, here the sentencing court failed in that duty. And the extrinsic evidence does not show affirmatively that the guilty pleas were knowingly and voluntarily entered. *Bowers v. Moore* at 895 (1), citing *Roberts v. Greenway*, 233 Ga. 473, 475 (211 SE2d 764) (1975). Accordingly, this Court must conclude that the habeas court erred in finding that the pleas passed constitutional scrutiny and in denying Bazemore relief.

2. Because this Court is reversing the denial of the petition for habeas corpus, it is unnecessary to address the habeas court's ruling on Bazemore's coercion claim or the court's implicit rejection of his charge of ineffective assistance of counsel.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 10, 2000 —
RECONSIDERATION DENIED NOVEMBER 14, 2000.

Levon Bazemore, *pro se.*

*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney, Thurbert E. Baker, Attorney General,* for appellee.