## S03A1320. FOSKEY v. BATTLE.
### (591 SE2d 802)

BENHAM, Justice.

Petitioner Marshall Foskey is an inmate in the Georgia prison system who has sought appellate review of the denial of several of his petitions for writ of habeas corpus. We granted his application for a certificate of probable cause to appeal to determine whether the record supports the finding of the habeas court that the 18 guilty pleas petitioner entered in 1993 in Coffee County were constitutionally valid. After reviewing the record, we conclude that it does not support a finding that petitioner's guilty pleas were knowingly and voluntarily entered. Accordingly, we reverse the habeas court's denial of relief.

In 1992, petitioner was accused of a number of burglaries in several Georgia counties. In July 1993, he negotiated a plea agreement in the Oconee Judicial Circuit and entered guilty pleas to multiple counts of burglary in three counties of that circuit, receiving two 20-

year sentences to be served consecutively, with the remaining sentences to be served concurrently. District attorneys in the Brunswick Judicial Circuit, the Cordele Judicial Circuit, and in Coffee County agreed to permit petitioner to plead guilty to the pending burglary charges in their jurisdictions and receive sentences to be served concurrently with those imposed in the Oconee Judicial Circuit. Between July and November 1993, petitioner pled guilty in five separate proceedings to the series of burglaries. He subsequently filed four habeas petitions in which he took issue with the constitutionality of all the guilty plea proceedings. We granted a certificate of probable cause to appeal the denial of the habeas petition challenging the Coffee County proceeding.

The five-page transcript of the 1993 Coffee County guilty plea proceeding reflects much discussion of the conditions of the plea agreement by the trial court, the assistant district attorney, and petitioner's counsel. The assistant district attorney then informed the court he had an accusation charging petitioner with 18 counts of burglary, petitioner was waiving indictment and formal arraignment by pleading guilty, and petitioner had been advised of his "legal rights" by completing a "transcript of proceedings" with his counsel. The "transcript of proceedings" was a pre-printed form consisting of 19 questions with typewritten answers.[1] Petitioner's participation in the guilty plea consisted of saying "I do" when placed under oath, asking "Do what now?" twice when he did not hear something the trial court said, reciting the counties in which he had burglary charges pending, and signing the "transcript of proceedings."

1. It is error for a trial court to accept a guilty plea without an affirmative showing that it was intelligent and voluntary since a guilty plea which is not voluntary and knowing is "obtained in violation of due process and is therefore void." *Boykin v. Alabama*, 395 U. S. 238, 243 (89 SC 1709, 23 LE2d 274) (1969). The entry of a guilty

---

[1] The form asked if the accused could hear and understand the statements and questions; if he was under the influence of drugs or alcohol; if his attorney was appointed or retained; if he had discussed the case with the attorney; if he understood he was charged with 18 counts of burglary; if the charges had been fully explained to him and he was ready for trial; if he had had time to subpoena witnesses; if he understood he had the right to plead not guilty and be tried by a jury; how he pled to the charges and if he was, in fact, guilty; if anyone had made promises or threats to influence the accused's plea; the accused's expectation of sentence in exchange for his guilty plea; if he understood he could have been sentenced to 360 years and the court was not bound by promises and representations made to the accused and could sentence him to the maximum sentence; if he understood he had the right to appeal the sentence to the Review Board; whether anyone had violated any of his constitutional rights; whether he had anything to say; whether he now freely, understandingly, and voluntarily authorized his attorney to enter a guilty plea on his behalf; and whether, having heard the sentence pronounced by the court, he wished to withdraw his plea.

plea involves the waiver of three federal constitutional rights: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers (id.), and the trial court has a duty to ensure that the defendant understands the constitutional rights being waived. *Knight v. Sikes*, 269 Ga. 814 (1) (504 SE2d 686) (1998); *Bowers v. Moore*, 266 Ga. 893 (1) (471 SE2d 869) (1996). The record must disclose the accused's voluntary waiver of those constitutional rights since waiver will not be presumed from a silent record. *Boykin v. Alabama*, supra, 395 U. S. at 243; *State v. Germany*, 245 Ga. 326, 327 (265 SE2d 13) (1980).

In a habeas proceeding, the State has the burden of establishing the plea was knowingly, intelligently, and voluntarily entered, and may do so by "showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or . . . fill[ing] a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary." *Roberts v. Greenway*, 233 Ga. 473 (1) (211 SE2d 764) (1975). See also *Bowers v. Moore*, supra, 266 Ga. at 895. The guilty plea transcript in the case at bar reveals that the trial court did not inform petitioner of any of the rights being waived by pleading guilty, and the "transcript of proceedings" notified petitioner only that he had the right to plead not guilty and be tried by a jury.

At the habeas hearing, the State presented extrinsic evidence in an effort to meet its burden. The attorney who represented petitioner at the guilty plea hearing testified about his normal practice of informing a client that a guilty plea waives the right to trial and the right to subpoena witnesses and, in response to petitioner's questioning, stated, "If it's not on the form [the transcript of proceeding], I didn't advise you of that right." While evidence of an attorney's routine or standard practice can support a finding of compliance with constitutional standards (*Bazemore v. State*, 273 Ga. 160, 162 (535 SE2d 760) (2000)), the attorney's testimony at the habeas hearing covered only one of the three constitutional rights mentioned in *Boykin*, and "fell well short of demonstrating that [petitioner] was fully informed of the constitutional rights he was waiving by pleading guilty." Id. That petitioner had recently entered pleas of guilty in other jurisdictions and may have been informed of his constitutional rights in those proceedings does not serve as a substitute for the failure to advise him of the constitutional rights he was relinquishing by pleading guilty in Coffee County. *Bazemore v. State*, supra, 273 Ga. at 162.

Inasmuch as the record does not support a finding that petitioner was advised of his constitutional rights when he entered his pleas and that he made a knowing and intelligent waiver of those

rights, we must conclude the habeas court erred when it found that the pleas passed constitutional scrutiny and when it denied petitioner habeas relief.

2. In light of our reversal of the denial of the petition for writ of habeas corpus, it is unnecessary to address the remainder of petitioner's enumerations of error.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 12, 2004.

Marshall Foskey, *pro se.*

*Thurbert E. Baker*, Attorney General, *Paula K. Smith*, Senior Assistant Attorney General, *Wylencia H. Monroe*, Assistant Attorney General, for appellee.

*Sarah L. Gerwig*, amicus curiae.