S04A1254. PULLIUM v. THE STATE.
(602 SE2d 833)

FLETCHER, Chief Justice.

James Ronald Pullium petitioned for a writ of habeas corpus, contending that guilty pleas he entered in 1960 for robbery and in 1971 for criminal attempt to commit burglary do not pass constitutional scrutiny. The habeas court agreed with respect to the 1960 plea, but held that the 1971 plea was knowingly and voluntarily entered. This Court granted Pullium's application for a certificate of probable cause to appeal. After reviewing the record, we conclude that the 1971 plea was also constitutionally invalid, and therefore reverse the habeas court's denial of relief.

Pullium is currently serving a federal sentence for a 1992 bank robbery in Tennessee. Pullium's 1971 conviction, entered on his guilty plea, is being used to enhance his federal sentence. The only record that remains from 1971 is a one-page pre-printed waiver form with typewritten answers, plus the trial judge's attestation of that form. Although the form indicates that Pullium waived certain rights, it nowhere indicates that he was advised of, and waived, the three constitutional rights required for a valid guilty plea: the right against compulsory self-incrimination, the right to a trial by jury, and the right to confront his accusers.[1] Accordingly, the State has not met its burden of showing that Pullium knowingly, intelligently, and voluntarily entered his guilty plea, and thus his 1971 conviction must be vacated.[2]

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 13, 2004.

James R. Pullium, *pro se.*

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Elizabeth A. Baker, Assistant District Attorneys,* for appellee.

---

[1] *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969).

[2] *Foskey v. Battle*, 277 Ga. 480 (591 SE2d 802) (2004).