S05A1006. GREEN v. THE STATE.
(620 SE2d 788)

THOMPSON, Justice.

In this habeas corpus case, Christopher D. Green, who is currently incarcerated in federal prison, challenges a guilty plea which he entered in 1992, and which is being used to enhance his federal sentence.[1] Following a hearing, the habeas court rejected Green's challenge. We granted Green's application for a certificate of probable cause and posed this question: "Whether the habeas court erred in determining that petitioner knowingly and voluntarily entered a plea of guilty after waiving his constitutional rights." We find that the habeas court did so err and, therefore, we reverse.

> The entry of a guilty plea involves the waiver of three federal constitutional rights: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to

---

[1] See generally *Craig v. State*, 234 Ga. 398 (216 SE2d 296) (1975) (petitioner can attack Georgia conviction even though he is restrained by federal authorities in another state).

confront one's accusers, and the trial court has a duty to ensure that the defendant understands the constitutional rights being waived. The record must disclose the accused's voluntary waiver of those constitutional rights since waiver will not be presumed from a silent record. In a habeas proceeding, the State has the burden of establishing the plea was knowingly, intelligently, and voluntarily entered, and may do so by showing on the record of the guilty plea hearing that the defendant was cognizant of all the rights he was waiving and the possible consequences of his plea; or . . . filling a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.

(Citations and punctuation omitted.) *Foskey v. Battle*, 277 Ga. 480, 481-482 (591 SE2d 802) (2004).

The record is devoid of a guilty plea transcript so we have no way of knowing the extent of any colloquy between Green and the sentencing court. However, the record does contain a two-page form entitled "transcript of proceedings," as well as the affidavit of the attorney who represented Green at the guilty plea hearing. Like the pre-printed form in *Foskey*, supra, the "transcript of proceedings" in this case notified Green only that he had the right to plead not guilty and to be tried by a jury. It did not advise Green of the privilege against self-incrimination or the right to confront his accusers. In his affidavit, Green's attorney averred, in pertinent part: "In preparation for the eventual plea of guilty entered by Christopher D. Green, I know that I would have personally advised . . . Green that he had the right to a trial by jury, that he had the right not to testify against himself at . . . trial and that I, as his attorney, would have the right to confront the witnesses brought against him by the prosecution during the trial."

The habeas court acknowledged that the " 'transcript of proceedings,' standing alone, did not satisfy the dictates of *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969)," which mandates that a defendant must be advised fully of his constitutional rights, including the right to trial by jury, the right to confront witnesses, and the right against self-incrimination. Nevertheless, the habeas court concluded that Green was advised of his constitutional rights and that he voluntarily, knowingly, and intelligently waived those rights. That conclusion was based on the affidavit of

Green's attorney, and the lack of any definitive assertion by Green that he was not informed of his constitutional rights.[2]

The State can try to show that a defendant was fully informed of his constitutional rights by introducing the testimony of the attorney who represented defendant at the guilty plea hearing. If the attorney is unable to remember whether he advised defendant of the three constitutional rights set forth in *Boykin,* he can testify about his routine or standard practice in that regard, and that testimony "can be used in demonstrating compliance with constitutional standards." *Bazemore v. State,* 273 Ga. 160, 162 (535 SE2d 760) (2000). See also *Foskey v. Battle,* supra. The State attempted to carry its burden in this case by introducing the affidavit of Green's attorney who averred, as noted above, that he knew he would have informed Green of his *Boykin* rights. This attempt falls short because the attorney gives no factual basis for his conclusion. He offers not one word about his usual and customary practice at guilty plea hearings; he says nothing about his routine or standard procedure. In short, he provides no indication that his conduct at guilty plea hearings was so fixed and customary as to be *habitual.* See *Thomas v. Newnan Hosp.,* 185 Ga. App. 764, 768 (365 SE2d 859) (1988), quoting *Fletcher Emerson Mgmt. Co. v. Davis,* 134 Ga. App. 699, 701 (215 SE2d 725) (1975) ("Although a witness may have no distinct or independent recollection of the details of a fact occurring in the course of the routine of his business, he may testify as to his fixed and uniform habit in such cases and state that he knows that he did not vary from that habit.").

> A plea of guilty is more than a mere confession of certain acts, "it is itself a conviction; nothing remains but to give judgment and determine punishment." The waiver of constitutional rights that occurs when a plea of guilty is entered is so great that it "demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequences."

(Footnotes omitted.) *Bowers v. Moore,* 266 Ga. 893, 894 (471 SE2d 869) (1996), quoted in *Bazemore v. State,* supra at 163.

---

[2] Green submitted an affidavit in which he averred "that the record only facially appears to establish a voluntary, knowing and intelligent waiver of [Green's] right to confront his accusers and privilege against self-incrimination." He added that the guilty plea was "unlawfully induced or not made voluntarily with [an] understanding of the nature of the charges and the consequences of the plea."

The evidence offered by the State does not show affirmatively that Green was advised of his constitutional rights and that, nevertheless, he knowingly and voluntarily waived those rights. The habeas court erred in ruling otherwise.

*Judgment reversed. All the Justices concur, except Sears, C. J., Carley and Melton, JJ., who dissent.*

CARLEY, Justice, dissenting.

The majority correctly holds that the "transcript of proceedings" standing alone did not meet the State's burden of showing that Green was cognizant of all three of the constitutional rights set out in *Boykin v. Alabama,* 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969), but then concludes that trial counsel's affidavit is insufficient to make that showing. I strongly disagree because I believe that the affidavit constitutes exceptionally strong evidence that trial counsel advised Green of his *Boykin* rights.

As the majority recognizes, this Court held in *Bazemore v. State,* 273 Ga. 160, 162 (1) (535 SE2d 760) (2000) that testimony by defense counsel regarding his "routine or standard practice or procedure" can be used to demonstrate compliance with constitutional standards. See also *Foskey v. Battle,* 277 Ga. 480, 482 (1) (591 SE2d 802) (2004). *Bazemore* cited as authority for this principle *Jackson v. Hopper,* 243 Ga. 41, 42 (252 SE2d 467) (1979), which affirmed the denial of habeas relief based on trial counsel's deposition testimony that it was the "general policy" of the Public Defender's Office to advise convicted defendants of the right of appeal and that he "felt he had advised" the defendant of that right. If such testimony regarding defense counsel's feeling and the general policy of his employer is sufficient to prove his standard or customary practice, then surely the unequivocal affirmation by Green's attorney that "I know that I would have personally advised" him of his *Boykin* rights is likewise sufficient.

In reaching the contrary conclusion, the majority relies on the failure of the affiant to recite specific words such as "routine," "customary," or "standard" "practice" or "procedure." See *Scott v. State,* 206 Ga. App. 23, 25 (1) (a) (424 SE2d 328) (1992). However, such reliance is erroneous, as it elevates form over the substance of the lawyer's affidavit. A reasonable finder of fact could certainly infer from the affidavit of Green's trial counsel the import of those magic words which the majority would require. See *Ponder v. State,* 191 Ga. App. 503, 504 (2) (382 SE2d 204) (1989). The fact-finder is entitled to draw any reasonable inferences from the evidence. *Barber v. Perdue,* 194 Ga. App. 287, 290 (390 SE2d 234) (1990); *Pledger v. State,* 193 Ga. App. 588, 590 (2) (c) (388 SE2d 425) (1989). The only apparent meaning attributable to the affidavit is that trial counsel's fixed and habitual practice was to advise his clients of all three *Boykin* rights,

and the majority fails to suggest any other reasonable inference. Compare *Baisden v. State*, 279 Ga. 702 (620 SE2d 369) (2005) (where prosecutor's "affidavit merely state[d] that the trial judge would have asked questions 'similar' to a list which included inquiries regarding the *Boykin* rights, but which also addressed other matters").

Moreover, the inference drawn by the habeas court from the affidavit is supported by "the presumption that an attorney has adequately discharged his responsibilities and duties . . . ." *Roberts v. Greenway*, 233 Ga. 473, 476 (2) (211 SE2d 764) (1975). That presumption is not sufficient by itself to support a holding that the guilty plea was knowing and voluntary, but it may still be considered in determining whether the plea was valid. *Roberts v. Greenway*, supra. When that presumption is considered in conjunction with the only reasonable construction of the words appearing in the affiant's statement, the habeas court was authorized to find that Green's guilty plea was knowingly and voluntarily entered after a valid waiver of his constitutional rights.

Because the majority ignores the precedential basis of *Bazemore* and erroneously imposes a novel and rigid rule of evidence requiring the incantation of certain words in habeas hearings involving challenges to guilty pleas, I dissent to the reversal of the habeas court's judgment.

I am authorized to state that Chief Justice Sears and Justice Melton join in this dissent.

DECIDED OCTOBER 3, 2005.

Christopher D. Green, *pro se.*
*Richard E. Currie, District Attorney*, for appellee.