## S05A1382. BAISDEN v. THE STATE.

(620 SE2d 369)

CARLEY, Justice.

In 1986 and 1991, Henry James Baisden, appearing before the same trial judge both times, pled guilty to charges of burglary, forgery, and violation of the Georgia Controlled Substances Act. In 2002, acting pro se, he filed a petition for writ of habeas corpus, alleging that the convictions entered on those guilty pleas were used as a ground for enhancement of the federal sentence which he is currently serving in Florida. Baisden further alleged, among other things, that he was never informed of his constitutional rights as set out in *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). He subsequently executed and filed an affidavit which was consistent with these allegations.

At the hearing on the petition, which Baisden could not attend, the District Attorney submitted a "Transcript of Proceedings" from 1986 and another from 1991, in which Baisden answered several questions under oath, affirming that he was advised of his right to plead not guilty and be tried by a jury, and that he was entering the pleas freely and voluntarily. The District Attorney also executed and submitted an affidavit affirming that he was the prosecuting attorney in the 1986 and 1991 cases and that, although he did not specifically remember these particular cases, he knew that the trial judge, as he did with every criminal defendant, would have advised Baisden of the rights he would waive upon entering a guilty plea. The prosecutor enumerated several questions similar to those which the trial judge would have asked, including ones which related to the rights to a jury trial, to cross-examine witnesses, and not to incriminate oneself. The habeas court denied relief, finding that, although the Transcripts of Proceedings standing alone did not satisfy the dictates of *Boykin*, the District Attorney's affidavit established that the trial court fully advised Baisden of his rights. We granted a certificate of probable cause to review this ruling.

> The entry of a guilty plea involves the waiver of three federal constitutional rights: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers ([*Boykin v. Alabama*, supra at 243]), and the trial court has a duty to ensure that the defendant understands the constitutional rights being waived. [Cits.] The record must disclose the accused's voluntary waiver of those constitutional rights since waiver will not be presumed from a silent record. [Cits.] In a habeas proceeding, the State has the burden of establishing the plea was knowingly, intelligently, and voluntarily entered, and may

do so by "showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or . . . fill(ing) a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary." [Cits.]

*Foskey v. Battle*, 277 Ga. 480, 481-482 (1) (591 SE2d 802) (2004). This burden in the habeas court encompasses, though it is limited to, the three *Boykin* rights. *Britt v. Smith*, 274 Ga. 611, 612 (556 SE2d 435) (2001).

As the habeas court correctly observed, the State clearly did not meet its burden by submitting the Transcripts of Proceedings, since they did not contain any reference to the privilege against self-incrimination or the right of confrontation and "notified petitioner only that he had the right to plead not guilty and be tried by a jury." *Foskey v. Battle*, supra at 482 (1). Informing a defendant of this single right does not remedy a failure of the trial court to inform him of his other *Boykin* rights. *Knight v. Sikes*, 269 Ga. 814, 817 (2) (504 SE2d 686) (1998).

"Certainly, evidence of a routine or standard practice or procedure can be used in demonstrating compliance with constitutional standards. [Cit.]" *Bazemore v. State*, 273 Ga. 160, 162 (1) (535 SE2d 760) (2000). As noted, however, the District Attorney's affidavit merely states that the trial judge would have asked questions "similar" to a list which included inquiries regarding the *Boykin* rights, but which also addressed other matters. The prosecutor did not specifically remember Baisden's particular cases, and the affidavit does not affirmatively show that, when accepting guilty pleas, the trial judge's routine or standard practice was to inform every defendant of all three *Boykin* rights. Therefore, the State's proof is sufficient with respect to "only one of the three constitutional rights mentioned in *Boykin*, and 'fell well short of demonstrating that [Baisden] was fully informed of the constitutional rights he was waiving by pleading guilty.' [Cit.]" *Foskey v. Battle*, supra at 482. See also *Bazemore v. State*, supra.

The State argues, in the alternative, that because Baisden failed to verify the petition, the habeas court's judgment should be affirmed on the basis of the right for any reason rule. However, the State did not raise this issue below, the greatest possible relief for such a failure to verify would be dismissal of the petition instead of outright denial, and the habeas court never considered what would be the appropriate relief. See *Bennett v. L. L. Blocker Estate*, 207 Ga. App. 760, 761 (429 SE2d 147) (1993).

Accordingly, because the record does not support a finding that Baisden was advised of his *Boykin* rights when he entered his pleas and that he made knowing and intelligent waivers of those rights, we must conclude that the habeas court erred in finding that the pleas passed constitutional scrutiny. *Foskey v. Battle*, supra at 482-483 (1); *Bazemore v. State*, supra at 163 (1).

*Judgment reversed. All the Justices concur.*

## DECIDED OCTOBER 3, 2005.

Henry J. Baisden, *pro se*.

Richard E. Currie, District Attorney, Thurbert E. Baker, Attorney General, for appellee.