S06A0122. JOHNSON v. SMITH.

(626 SE2d 470)

HUNSTEIN, Presiding Justice.

Petitioner Timothy Johnson appeals from the denial of his petition for writ of habeas corpus. For the reasons that follow, we reverse.

Johnson pled guilty in 1984 to charges of murder and armed robbery and was sentenced to three consecutive life sentences. He subsequently filed the instant habeas petition claiming, inter alia, that his pleas were not entered knowingly, intelligently and voluntarily because he was not advised of his constitutional rights. After a hearing at which Johnson's original attorney testified, the habeas court denied the petition. We granted Johnson's application for certificate of probable cause to determine whether the habeas court erred in concluding that Johnson knowingly and voluntarily entered a plea of guilty after waiving his constitutional rights. See *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969).

"The entry of a guilty plea involves the waiver of three federal constitutional rights: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's

accusers. [Cit.]" *Foskey v. Battle*, 277 Ga. 480, 481-482 (591 SE2d 802) (2004). It is the trial court's duty to ensure that the defendant understands the constitutional rights being waived, and the record must reveal the defendant's voluntary waiver of the constitutional rights. *Boykin*, supra, 395 U. S. at 243; *Foskey*, supra at 482. When a petitioner raises a question about the validity of a guilty plea, the State bears the burden of demonstrating that the plea was voluntarily, knowingly and intelligently made. *Bazemore v. State*, 273 Ga. 160 (1) (535 SE2d 760) (2000). The State may accomplish this by " 'showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or . . . fill(ing) a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.' [Cit.]" *Foskey*, supra at 482.

A review of the record in this case demonstrates that of the three *Boykin* rights, Johnson was advised only that he had the right to be tried by a jury. He was not advised at the plea hearing of his right to confront witnesses and to avoid self-incrimination. Although Johnson's attorney testified that prior to the plea hearing he advised Johnson of the "legal rights" he would be waiving by entering a guilty plea, the plea colloquy transcripts are silent as to what those "legal rights" were and the State has offered no extrinsic evidence showing that Johnson was made specifically aware that he would be waiving the remaining *Boykin* rights. While extrinsic evidence can support a finding of compliance with constitutional standards, counsel's testimony at the habeas hearing did not establish a standard or routine practice of informing clients of the *Boykin* rights and "fell well short of demonstrating that [Johnson] was fully informed of the constitutional rights he was waiving by pleading guilty. [Cit.]" *Bazemore*, supra, 273 Ga. at 162.

Because the record does not support a finding that Johnson was advised of all of his constitutional rights by either his attorney or the sentencing court and that he made a knowing and intelligent waiver of those rights, we conclude that the habeas court erred by denying Johnson's petition for habeas corpus.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 13, 2006.

Timothy R. Johnson, *pro se.*
*Thurbert E. Baker, Attorney General, Laurie M. Hughes, Assistant Attorney General*, for appellee.