S06A1441. BECKWORTH v. THE STATE.
(635 SE2d 769)

MELTON, Justice.

Petitioner Robert Beckworth appeals from the denial of his petition for writ of habeas corpus. For the reasons that follow, we reverse.

This is the second appearance of Beckworth's challenge to three Toombs County guilty pleas[1] that are being used to enhance a current federal sentence. On the first appearance of this case, Beckworth asserted that his pleas were not entered knowingly, intelligently, and voluntarily because his attorneys were ineffective for not fully ex-plaining to him his constitutional rights. We granted and remanded Beckworth's habeas petition in case number S04H1530 based upon the failure of the habeas court to conduct the statutorily mandated hearing. See OCGA § 9-14-47. On remand, the habeas court held the required hearing. Beckworth did not appear, but all three of his attorneys appeared and testified. While there were no transcripts of any of the pleas originally entered, the State submitted waiver forms signed by Beckworth, as well as "certificates" signed by each judge who accepted the guilty plea, attesting that Beckworth was advised of his rights and the offenses and penalties; that Beckworth conferred with and was satisfied with his attorney; and that the plea was entered freely, knowingly, and understandingly. Based upon the testimony and supporting documentation, the habeas court ruled that Beckworth's pleas were validly entered. Although he challenged

---

[1] Beckworth pled guilty in 1981 to a charge of burglary; in 1982 he pled guilty to two counts of burglary; and in 1988 he pled guilty to three counts of cocaine possession.

the three guilty pleas in the habeas proceeding, we granted Beckworth's application for a certificate of probable cause to ascertain only whether the habeas court erred in concluding that the extrinsic evidence affirmatively showed that the guilty pleas in case numbers 13327 and 13447-A were constitutionally valid under *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). See also *Bazemore v. State*, 273 Ga. 160 (1) (535 SE2d 760) (2000).

"The entry of a guilty plea involves the waiver of three federal constitutional rights: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. [Cit.]" *Foskey v. Battle*, 277 Ga. 480, 481-482 (591 SE2d 802) (2004). It is the duty of a trial court to establish that the defendant understands the constitutional rights being waived, and the record must reveal the defendant's waiver of those constitutional rights. *Boykin*, supra, 395 U. S. at 243. Once a petitioner in a habeas proceeding challenges the validity of a guilty plea, the State has the burden to demonstrate that the plea was voluntarily, knowingly and intelligently made. *Bazemore v. State*, supra. The State can accomplish this by " 'showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or [adding to] a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.' [Cit.]" *Foskey*, supra, 277 Ga. at 482 (1).

Here, the State sought to set forth a prima facie case by producing the waiver forms completed by Beckworth along with the "certificates" signed by each judge that participated in the guilty plea hearing attesting that, in each instance, Beckworth entered his guilty plea freely, understandingly, and voluntarily. As a general rule, the attorney's testimony coupled with proper waiver forms, would be sufficient to fill the void left by a silent record. However, a review of the record in this case demonstrates that the waiver forms of both plea hearings at issue contain only one of the three *Boykin* rights, that Beckworth understood he had the right to be tried by a jury. In their testimony, the attorneys in those cases testified that they reviewed the waiver forms with Beckworth, not that they additionally advised him about the omitted rights. Because the record does not support the habeas court's finding that Beckworth was advised of all of his constitutional rights and that he made a knowing, voluntary and intelligent waiver of those rights, we conclude that the habeas court erred by denying Beckworth's petition as to case numbers 13327 and 13447-A.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

Robert Beckworth, *pro se.*

*William S. Askew, District Attorney, Charles D. Howard, Assistant District Attorney*, for appellee.