## S06A1917. HAWES v. THE STATE.

(642 SE2d 92)

HUNSTEIN, Presiding Justice.

We granted a certificate of probable cause to review the denial of James Huston Hawes's petition for writ of habeas corpus. For the reasons that follow, we reverse.

Appellant was charged with statutory rape, enticing a child for indecent purposes and contributing to the delinquency of a minor. At a hearing on June 22, 2004, at which appellant was represented by two attorneys, he stipulated to the factual basis for the charges and agreed to plead guilty to all three charges in exchange for a five-year sentence, of which all but 60 to 90 days was to be probated, as well as a $2,500 fine and certain other conditions. Appellant subsequently filed this habeas petition, a review of which reveals that the only meritorious claim was his assertion that his guilty plea was not knowingly and voluntarily entered.[1]

As this Court recently reiterated in *Beckworth v. State*, 281 Ga. 41 (635 SE2d 769) (2006),

"[t]he entry of a guilty plea involves the waiver of three federal constitutional rights: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. [Cit.]" [Cit.] It is the duty of a trial court to establish that the defendant understands the constitutional rights being waived, and the record must reveal the defendant's waiver of those constitutional rights. *Boykin* [*v. Alabama*, 395 U. S. 238, 243 (89 SC 1709, 23 LE2d 274) (1969)]. Once a petitioner in a habeas proceeding challenges the validity of a guilty plea, the State has the

---

[1] The habeas court specifically found that Hawes "is alleging that his plea in the above case was not voluntary in that he was not informed of his rights under *Boykin v. Alabama*, 395 U. S. 238 (1969)."

burden to demonstrate that the plea was voluntarily, knowingly and intelligently made. [Cit.] The State can accomplish this by " 'showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or [adding to] a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.' [Cit.]" [Cit.]

Id. at 42.

At the hearing on appellant's habeas petition, the State did not call either of the two defense attorneys who represented appellant when he pled guilty and the assistant district attorney, who also represented the State at the guilty plea hearing, made no statements in place regarding what occurred during that hearing. The State did not introduce a certified copy of the guilty plea transcript, although the record contains a photocopy appellant submitted for the habeas court's consideration. The transcript of the guilty plea hearing contains a reference to a document, which the State at the habeas hearing identified as a "waiver of rights form," but no such document was attached to the transcript provided by appellant or otherwise introduced into evidence before the habeas court.

In regard to the rights addressed by the trial court during the guilty plea hearing, the transcript reflects as follows:

Trial Court: And basically, of course, you do have a right to a trial by jury. You've been charged with three counts here whereas if you were convicted of these offenses, you could serve up to 41 years . . . . And that's why we're here today and the jury's downstairs ready to move forward with the trial of the case. And you understand that?

Appellant: Yes, sir.

Trial Court: These gentlemen [appellant's two attorneys], of course, would be with you at the time of trial. And the State would call its witnesses which you would have a right to confront. And you're presumed to be innocent. At the time of trial, you could testify if you so desired to testify. And you could bring in your witnesses or other evidence. And if the jury were to find you guilty, you would have a right to an appeal within so many days thereafter and a right for a court-appointed lawyer to represent [you] in the appeals process.

> Now it's my understanding you do not need the services
> of the jury, that you would like to go ahead and give up that
> right to a trial by jury and ask that the Court accept your
> plea . . . .

The trial court then went over the terms of the negotiated plea before confirming with appellant that he understood those terms and that it was appellant's desire to "waive [his] right to a jury trial at this point" and to "plead guilty freely and voluntarily" as to each of the three counts. Finally, the trial court ascertained that appellant was fully satisfied with the services of his counsel and that appellant understood that, through the entry of the negotiated plea, he waived any right to an appeal of the plea process.

We recognize that nothing in *Boykin* requires a trial court during a guilty plea proceeding to use any precisely-defined language or "magic words." See *Boykin*, supra, 395 U. S. at 243. Rather, *Boykin* recognizes that the waiver of constitutional rights that occurs when a plea of guilty is entered is so great that the proceeding "demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence," id. at 243-244, and that the record must show that the plea was made voluntarily. Id. at 242. See also *Bazemore v. State*, 273 Ga. 160, 163 (535 SE2d 760) (2000). Thus, as long as the trial court, in explaining the three constitutional rights an accused must waive in order to enter a valid guilty plea, makes "sure" the accused has a "full understanding" of the concepts involved, the appellate courts will not invalidate a guilty plea for failure to use the precise language of those three rights as set forth in *Boykin* or USCR 33.8 (B) (1), (3) and (7). See *Bazemore*, supra at 162 (record must demonstrate that accused "was fully informed of the constitutional rights he was waiving by pleading guilty"). See also *Ohio v. Ballard*, 423 NE2d 115, 120 (Ohio, 1981), reasoning that in guilty plea proceedings, as long as the constitutional rights are explained to the defendant, there is no need to use any exact language:

> [r]ather, the focus, upon review, is whether the record shows
> that the trial court explained or referred to the right in a
> manner reasonably intelligible to that defendant. To hold
> otherwise would be to elevate formalistic litany of constitu-
> tional rights over the substance of the dialogue between the
> trial court and the accused.

The transcript of appellant's guilty plea hearing reflects that appellant was expressly informed of and voluntarily waived two of

the three *Boykin* rights: the right to trial by jury and the right to confront one's accusers. However, the transcript also clearly establishes that appellant was not apprised of and thus did not waive his privilege against compulsory self-incrimination. No comment by counsel or court served to convey to appellant the core constitutional right that he did not have to incriminate himself by entering a plea of guilty. Informing appellant of his Sixth Amendment right to testify at trial if he so desired, as the trial court did here,[2] in no manner alerted appellant of his right, guaranteed by the Fifth Amendment, not to testify during the plea proceeding that he committed the acts charged in the indictment.

Therefore, because the record does not support a finding that appellant was advised of all of his *Boykin* rights when he entered his plea and that he made a knowing and intelligent waiver of those rights, we conclude that the habeas court erred by finding that the plea passed constitutional scrutiny. See *Johnson v. Smith*, 280 Ga. 235 (626 SE2d 470) (2006); *Baisden v. State*, 279 Ga. 702 (620 SE2d 369) (2005).

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 26, 2007 —
RECONSIDERATION DENIED MARCH 27, 2007.

James H. Hawes, *pro se.*
*Richard A. Mallard, District Attorney, W. Scott Brannen, Assistant District Attorney*, for appellee.

---

[2] "In all criminal prosecutions, the accused shall enjoy the right . . . to have compulsory process for obtaining witnesses in his favor. . . ." U. S. Constitution, Amendment VI. See *Rock v. Arkansas*, 483 U. S. 44, 53 (107 SC 2704, 97 LE2d 37) (1987) ("[l]ogically included in the accused's right to call witnesses . . . is a right to testify himself, should he decide it is in his favor to do so").