S09A0847. SANDERS v. HOLDER et al.
(684 SE2d 239)

BENHAM, Justice.

In 1989, appellant Mark Sanders pled guilty to violations of the Georgia Controlled Substances Act. Sanders is now in prison on federal convictions and he filed a petition for habeas corpus relief in October 2006 when he discovered the 1989 conviction would be used to enhance his federal sentence. In his petition, Sanders alleged that his 1989 plea was invalid because, among other things, he was not advised of the constitutional rights he would be waiving by pleading guilty.

In November 2006, the habeas court issued a scheduling order setting dates for both parties to file briefs and submit evidence. The scheduling order also set the habeas hearing for March 1, 2007, and specifically instructed as follows: "Attendance at the hearing is entirely Petitioner's own responsibility. *Rickett v. State*, 276 Ga. 609 (581 SE2d 32) (2003). If Petitioner is not present at the hearing, this matter will be decided solely upon the record." Appellant did not submit a brief or evidence in response to the scheduling order; however, the State did respond by filing a brief and submitting the 1989 plea hearing transcript as evidence. Because appellant did not appear for the habeas hearing, the habeas court based its decision solely on the record[1] and it determined appellant's 1989 plea was voluntarily, knowingly and intelligently made.

---

[1] The record does not contain a transcript of any proceedings on March 1, 2007, and does not reflect that the State posited any objection to the habeas court rendering its decision solely based on the record evidence when appellant did not appear.

We granted appellant's certificate for probable cause, posing the following question: Whether the habeas court erred in finding that the plea hearing transcript showed that appellant was informed that a guilty plea waives his privilege against self-incrimination. *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). We answer the question in the affirmative and reverse.

"The entry of a guilty plea involves the waiver of three federal constitutional rights: the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers [cit.]. . . ." *Foskey v. Battle*, 277 Ga. 480, 481-482 (1) (591 SE2d 802) (2004). In a habeas corpus proceeding, the State has the burden to show that the defendant's guilty plea was voluntarily, knowingly, and intelligently made. *Hawes v. State*, 281 Ga. 822-823 (642 SE2d 92) (2007). Waiver cannot be presumed from a record that is silent. *Foskey v. Battle*, supra, 277 Ga. at 482. When the record reflects a failure to inform the defendant of each of his three *Boykin* rights prior to his entering a guilty plea, a judgment denying habeas relief must be reversed. *Denson v. Frazier*, 284 Ga. 858 (672 SE2d 625) (2009) (reversal required where defendant was not advised of his right against compulsory self-incrimination); *Hawes v. State*, supra, 281 Ga. at 824-825 (reversal required where defendant was not advised of his right against compulsory self-incrimination); *Johnson v. Smith*, 280 Ga. 235 (626 SE2d 470) (2006) (reversal required where defendant was neither advised of his right against compulsory self-incrimination nor of his right to confront witnesses); *Foskey v. Battle*, supra, 277 Ga. at 482-483 (reversal required where defendant was not informed of any of his *Boykin* rights); *Baisden v. State*, 279 Ga. 702 (620 SE2d 369) (2005) (reversal required where defendant was neither advised of his right against compulsory self-incrimination nor of his right to confront witnesses).

Our careful review of the plea hearing transcript in this case, which was the only record evidence presented by the State, shows that appellant was not informed of his right against compulsory self-incrimination prior to entering his plea. Therefore, the habeas court erred when it found that appellant's plea was voluntarily, knowingly and intelligently made and when it denied the petition for habeas relief. Id. Accordingly, the habeas court's judgment is reversed.[2]

*Judgment reversed. All the Justices concur.*

---

[2] Respondent has requested that the case be remanded and cites *Denson v. Frazier*, supra, in support; however, that case does not authorize remand, but requires reversal of the habeas court's judgment. Therefore, respondent's motion to remand is hereby denied.

DECIDED SEPTEMBER 28, 2009.

*Sarah L. Gerwig-Moore*, for appellant.

*Paul L. Howard, Jr., District Attorney, David K. Getachew-Smith, Bettieanne C. Hart, Assistant District Attorneys*, for appellees.