IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 2, 2008

Charles R. Fulbruge III
Clerk

No. 08-30372
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

VINCENT THOMAS

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-101-1

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Vincent Thomas pleaded guilty pursuant to a written plea agreement to distribution of five grams or more of crack cocaine and distribution of 50 grams or more of crack cocaine. He was sentenced to the statutory minimum of 240 months in prison. Thomas asserts that the district court, in denying his request for appointment of a Federal Public Defender (FPD), effectively deprived him of his Sixth Amendment right to counsel, resulting in a constitutional "structural error" mandating reversal of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction. Relying in part on the Supreme Court's decision in United States v. Gonzalez-Lopez, 548 U.S. 140 (2006), Thomas argues that because a "structural error" occurred, no additional prejudice or harm need be shown.

Gonzalez-Lopez is not applicable to the instant case. The court did not deny Thomas his counsel of choice; it merely denied his request for new appointed counsel. Moreover, unlike the defendant in Gonzalez-Lopez, Thomas sought to have his retained counsel removed from the case and was not seeking to be represented by any particular retained attorney. Additionally, the government conceded in Gonzalez-Lopez that the trial court had erroneously deprived the defendant of his right to counsel of his choosing. Gonzalez-Lopez, 548 U.S. at 148. The government makes no such concession here. Neither does Thomas assert that he was deprived of counsel of his choice. Rather, he merely contends that he was entitled to new appointed counsel because he was dissatisfied with the services of retained counsel.

Thomas's claims do not amount to a deprivation of counsel of choice as contemplated by the Court in Gonzalez-Lopez. At most, they amount to garden-variety claims of ineffective assistance of counsel. Thomas, however, does not allege that counsel was ineffective under Strickland v. Washington, 466 U.S. 668 (1984), or that his plea was involuntary, unknowing, or the result of incompetent advice of counsel.

To the extent that Thomas suggests that there was a basis for withdrawing his guilty plea, such a contention is without merit. Thomas fails to show a fair and just reason for withdrawal of his guilty plea. See United States v. Powell, 354 F.3d 362, 370 (5th Cir. 2003) (citations omitted). Furthermore, our review of the rearraignment hearing reveals no basis for withdrawal of the plea. See Boykin v. Alabama, 395 U.S. 238, 244 (1969). Accordingly, the judgment of the district court is AFFIRMED.