IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 4, 2011

## WALTER LEON CROSS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Tipton County**
No. 6343     Joseph H. Walker, Judge

_____

**No. W2011-00833-CCA-R3-PC  - Filed December 6, 2011**

_____

The petitioner, Walter Leon Cross, pled guilty in the Tipton County Circuit Court to felony failure to appear, eleven counts of forgery, three counts of theft over $1,000, and two counts of identity theft.  Pursuant to the plea agreement, he received an effective sentence of twenty years.  Thereafter, the petitioner filed a petition for post-conviction relief, alleging that his trial counsel was ineffective and that his pleas were not knowingly and voluntarily entered. The post-conviction court denied the petition, and the petitioner now appeals.  Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

George D. Norton, Jr., Ripley, Tennessee, for appellant, Walter Leon Cross.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and Jason Poyner and Billy G. Burk, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual Background**

This case involves five Tipton County Grand Jury indictments filed against the petitioner.[1] He agreed to plead guilty and receive a mix of concurrent and consecutive sentences, outlined below, for a total effective sentence of twenty years in the Tennessee Department of Correction:

| Case Number | Charge | Range | Length |
|---|---|---|---|
| 6343 | Felony failure to appear | Range I, standard | 2 years |
| 6344 | Forgery (two counts) | Range I, standard | 2 years total |
| 6345 | Forgery (five counts) Theft over $1,000 | Range I, standard | 2 years total |
| 6346 | Forgery (four counts) Identity Theft (two counts) | Range I, standard | 2 years total |
| 6375 | Theft over $10,000 (dismissed pursuant to plea agreement) Theft over $1,000 (two counts) | Career offender | 12 years total |

Thereafter, the petitioner filed a petition for post-conviction relief, asserting that his trial counsel was ineffective and that his guilty pleas were not knowingly and voluntarily entered. Specifically, he alleged that counsel misadvised him regarding the length of the effective sentence he could expect to receive and failed to file a motion for sentence reduction despite a promise to do so. He further alleged that he would not have pled guilty but for counsel's ineffectiveness.

At the post-conviction hearing, the petitioner testified that he was twenty-seven years old and obtained his GED. The only time he met with trial counsel was the day he pled guilty. Prior to that date, trial counsel telephoned him once and sent him a letter detailing the

_____

[1] The information regarding the charges and plea agreement are gleaned from the plea acceptance hearing transcript and the post-conviction court's order as the indictments, judgment sheets, and plea agreement forms are not in the appellate record.

charges and the State's offer. The petitioner testified as follows regarding his understanding of trial counsel's letter:

> What I thought it explained was that I would be [pleading] out to a two, a two, a two, a two, plus a 12, but I thought that when we got to court that it would be reduced down to a 12 at 60 [percent release eligibility]. I mean, that's what -- at the very worst he said that I'd be getting a 12 at 60.

The petitioner said he believed trial counsel because "[h]e's never lied to me" in previous representations. Counsel never reviewed discovery with the petitioner or discussed potential defenses. The petitioner said that he thought he had defenses to three or four of the charges and that if he had known he was going to receive more than twelve years with a release eligibility of sixty percent, he would have gone to trial. He said he understood that as part of the plea agreement, he would have a sentence reduction hearing. The petitioner said that he went to court for the sentence reduction hearing but that the State informed him that "it was too late, the 120 days limitation had expired."

On cross-examination, the petitioner acknowledged that he had prior experience with the criminal justice system and that he had pled guilty to ten felonies prior to the instant case. He said that if he had not pled guilty in this case, he could have received a total sentence of 159 years. The petitioner acknowledged that the letter from trial counsel stated that trial counsel could not guarantee the trial court would reduce or suspend the sentence. He also acknowledged that the trial court stated during the guilty plea hearing that there was no guarantee the court would provide any relief from his sentence. The petitioner said that he had a hearing to request relief from his sentence and that he testified at the hearing. He maintained that "at that hearing they told me it was too late, it was past the 120-day deadline."

Trial counsel testified that he met with the petitioner once and corresponded with him. He said he "actually put most of [his] efforts in trying to sort through the possibilities and what the possible outcomes would be with regard to current charges." Based on the petitioner's background and prior convictions, counsel did not think that he needed to explain the elements of the charged offenses to the petitioner. Trial counsel stated that he did not interview witnesses in this case because the only witnesses were the victims, who would have testified that they did not write the forged checks, and the co-defendant. Counsel heard the co-defendant's tape-recorded statement. Trial counsel testified that, as he explained in his letter to the petitioner, there were no guarantees the trial court would grant any type of sentence relief but that counsel thought the court would suspend part of the sentence because the offenses were not violent crimes. Counsel was surprised when the trial court refused to

grant any type of relief based on the petitioner's lengthy prior record and probation violation. Counsel said that he thought the petitioner "understood the situation" but that the petitioner was "very hopeful he'd get some relief." Trial counsel testified that the State may have mentioned the 120-day limitation on the trial court's jurisdiction to hear the sentence reduction matter but that "we had timely done everything we could do from our end." Therefore, any untimeliness was caused by the State. The post-conviction court stated for the record, in its capacity as the court that had accepted the petitioner's guilty plea, that the request for relief from sentencing had been timely and that timeliness had not factored into the court's decision to deny relief.

In a written order, the post-conviction court denied the petition for post-conviction relief. The court found that trial counsel was not deficient because counsel, in his letter to the petitioner, clearly delineated the State's twenty-year offer and made no guarantees the trial court would provide any type of sentence relief. The court found that the sentence reduction hearing occurred and that the trial court denied relief. The court further found that the petitioner "actually understood the significance and consequences of the particular decision to plea guilty."

## II. Analysis

To be successful in his claim for post-conviction relief, the petitioner must prove all factual allegations contained in his post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40–30–110(f). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n.3 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. See Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, the post-conviction court's findings of fact are entitled to substantial deference on appeal unless the evidence preponderates against those findings. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

A claim of ineffective assistance of counsel is a mixed question of law and fact. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct. See Fields, 40 S.W.3d at 458. However, we will review the post-conviction court's conclusions of law purely de novo. Id.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, "the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). To establish deficient performance, the petitioner must show that counsel's performance was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Notably,

> [b]ecause a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

Goad, 938 S.W.2d at 370 (citing Strickland, 466 U.S. at 697). Moreover, in the context of a guilty plea, "the petitioner must show 'prejudice' by demonstrating that, but for counsel's errors, he would not have pleaded guilty but would have insisted upon going to trial." Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998); see also Hill v. Lockhart, 474 U.S. 52, 59 (1985).

When a defendant enters a guilty plea, certain constitutional rights are waived, including the privilege against self-incrimination, the right to confront witnesses, and the right to a trial by jury. Boykin v. Alabama, 395 U.S. 238, 243 (1969). Therefore, in order to comply with constitutional requirements a guilty plea must be a "voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). In order to ensure that a defendant understands the constitutional rights being relinquished, the trial court must advise the defendant of the consequences of a guilty plea, and determine whether the defendant understands those consequences. Boykin, 395 U.S. at 244.

In determining whether the petitioner's guilty pleas were knowing and voluntary, this court looks to the following factors:

> the relative intelligence of the [petitioner]; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to

-5-

confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993).

The petitioner argues that trial counsel led him to believe that he would receive a sentence of twelve years with a release eligibility of sixty percent and that trial counsel failed to pursue a request for relief from sentencing. The post-conviction court found that, based on trial counsel's letter and the plea acceptance hearing transcript, trial counsel made clear that the State's offer was twenty years. Furthermore, the post-conviction court accredited trial counsel's testimony that he pursued a request that the petitioner's sentence be reduced or suspended and that the trial court denied the request due to the petitioner's prior record.

Trial counsel's letter, entered as Exhibit 1 at the post-conviction hearing, delineated the State's offer and stated the following regarding counsel's expectation as to how the trial court would rule:

> The bottom line is that I have been able to negotiate something that I believe will meet with your approval regarding settlement of all the indictments that are pending. These pleas will essentially be [a] 2+2+2+2+12 for a total of 20 years. We would still have to have the court grant probation or suspend the sentences or portions of them and we would be asking the court to find that you are a "special needs" offender qualifying for alternative sentencing as to these sentences. It is possible that the court would rule that you would commence CMC after release on parole and later be transferred to supervision under parole or probation after a period of time on house arrest.
>
> The reasons for accepting this offer are listed below. I think this is the best shot at getting you out of incarceration at the soonest possible date. At best, if the court orders CMC and suspended sentences or split confinement, you might be released to house arrest following your parole. There is no guarantee at all and we can expect the state to contest such an outcome but I sincerely do not think the Court will fail to give some relief if not as much as we hope for. **At the very worst**, I think the

court would suspend the sentences in the four indictments we are pleading to which total 8 years, leaving the sentence of 12 @ 60% sentence to serve. In our worst case scenario I think the court would run this concurrent resulting in about a 7 year sentence before being eligible for parole. This is still much, much better than going to trial.

(Emphasis in original.)

At the guilty plea hearing, the trial court informed the petitioner that the agreed-upon sentence was twenty years, that trial counsel would request relief from the sentence, and that there was no guarantee of any relief. The petitioner stated that he understood. He further stated that he was satisfied with counsel's representation.

Based on the foregoing, we conclude that the post-conviction court did not err by finding that trial counsel did not perform deficiently. In his letter to the petitioner, trial counsel made clear that there were no guarantees of a sentence reduction. The trial court also informed the petitioner during the guilty plea hearing that there were no guarantees his effective sentence would be reduced. Moreover, based on the appellate record, which does not include documentation of a request for sentence reduction or the hearing referred to by the parties, we defer to the post-conviction court's finding that trial counsel pursued the sentence reduction and that the trial court denied any reduction. Finally, considering the petitioner's age, education, and familiarity with the criminal justice system as well as counsel's effective representation, we conclude that the trial court did not err by finding that the petitioner entered his guilty pleas knowingly and voluntarily.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the post-conviction court.

_____
NORMA MCGEE OGLE, JUDGE